DENISON P. COON'S APPEAL FROM COMMISSIONERS.

An indorsement of the payment of money on a note, made by the holder after it has become barred by the statute of limitations, is to be regarded as an entry made in his interest.

Where in such a case it had been found in the court below that there was no evidence that the money so indorsed was in fact paid by the maker or with his knowledge, it was held that this court could not, as matter either of fact or of law, infer such payment from the indorsement.

K, the maker of a note, sold to S a machine for $60, and it was agreed that S should pay the money to C, the holder of the note, and that C might indorse the amount on the note. S afterwards paid the money to C, who did not indorse it, but gave K credit for it on book account, and three years later, and after K's death, indorsed it on the note. Held that C had elected to apply the money on book account, and could not, after K's death, change the application.

K made a composition with his creditors under the United States bankrupt act. A certain note held by C was included. The composition provided for the payment of fifteen per cent. on all the claims in full satisfaction. The fifteen per cent. was afterwards waived by C on K's promise to pay the full amount of C's note. Held that as the discharge obtained by K was by operation of law and not by the act of the parties, his promise to pay revived his obligation to pay the whole note.

[Argued May 27th—decided July 16th, 1884.]

APPEAL from the doings of commissioners on an insolvent estate in disallowing a claim of the appellant; taken to the Superior Court in New London County. The facts were found by a committee and judgment rendered for the appellee. (*Andrews, J.*) Appeal by the appellant to this court. The case is sufficiently stated in the opinion.

*S. Lucas*, for the appellant.

*J. Halsey* and *H. A. Hull*, for the appellee.

CARPENTER, J. This is an appeal from the doings of the commissioners on the insolvent estate of Charles H. Kinne deceased, in rejecting four notes presented by the appellant against the estate.

There are two defenses, the statute of limitations, and a discharge in bankruptcy. In the court below the facts were found by a committee and the doings of the commissioners affirmed. The appellant appealed. The claim to recover on one of these notes, the one for $124, is abandoned. The other three will be considered separately.

One of these notes was given January 14th, 1857, for $140.36, payable on demand to the order of the appellant. There are three indorsements on that note—one dated February 1st, 1862, one January 11th, 1866, and one March 16th, 1876. The statute of limitations was not a bar to the note when the first indorsement appears to have been made. If at that time there was an actual payment the note was not barred when the second indorsement was made. There are ten years between the second and third indorsements. *Primâ facie* the note was barred at the time of the last indorsement. That is in the handwriting of the appellant, but it is not found that any money was in fact paid by the maker, or by any one for him.

In respect to these indorsements, the report of the committee says: "And your committee has no evidence that any of the sums indorsed upon said notes were in fact paid by or with the knowledge of the said Kinne."

There is no presumption from the indorsement alone that

the money was actually paid. It was not an entry against the interest of the appellant, because the note on its face was barred by the statute. The legal effect of an actual payment at that time would have been to take the note out of the operation of the statute. As the indorsement was evidence tending to prove payment, it was not merely an acknowledgment of the receipt of so much money, but was evidence tending to revive and make good a claim for a much larger amount. It may therefore be regarded as an entry made in the interest of the party making it.

It was suggested that the bankruptcy composition, which embraced this note, involved an acknowledgment of the debt, and moreover that there was an express promise to pay it; hence that the debt was not barred when the last indorsement was made; consequently that there is a presumption that there was an actual payment. Still it is a presumption of fact and not of law. The appellant was not able to say that there was a payment, and the committee from all the evidence was unable to find one. We cannot find one, either in fact or in law. Any promise express or implied connected with or growing out of the proceedings in bankruptcy was more than six years before the death of Kinne, so that even if the statute of 1881 does not require such promise to be in writing, the statute having run full six years after the promise was made, the debt is barred.

Another of the notes was for $1,000, dated December 20th, 1873, payable in four months and negotiable. The only fact relied on to take this note out of the operation of the statute is an indorsement thereon dated December 19th, 1881. The circumstances were these: In 1877 Kinne sold to one Sturtevant a machine for $60. It was arranged that Sturtevant should pay the appellant; and it was agreed that when it should be paid the appellant might indorse the amount on this note. It was paid in June, 1878, but was not then indorsed on the note. For some reason the money was credited on book, and more than three years later, and after the death of Kinne, the amount was indorsed on the note.

It will be noticed that by the agreement the appellant was not bound to indorse the sum paid on the note, he simply had permission to do so. The reason for not doing it is not found. The note being secured by mortgage, it is possible that it was for the interest of the appellant to credit it on book. He did so credit it; and he could not afterwards, and after the death of Kinne, change it to an indorsement, and then take advantage of it as such. He made his election at the time he received the money, and by that he was bound. This note was barred by the statute.

The only remaining note was for $200, given October 29th, 1865, payable on demand and not negotiable. The statute would not bar that note until October 29th, 1882, and that was after the death of Kinne. The only defense to that note was the proceedings in the bankrupt court. Kinne made a composition with his creditors pursuant to the provisions of the bankrupt act in 1875. It is conceded that the note was included in the composition, and is now barred, unless the bar is removed by a new promise.

The composition provided for the payment of fifteen per cent. of the claims in satisfaction and discharge thereof. The fifteen per cent. of the amount of this note was not paid by Kinne, but payment was afterwards waived by the appellant upon the promise of Kinne that he would pay the full amount. The discharge was by operation of law, and was not the act of the parties. Hence the obligation to pay the whole debt could be and was revived by the promise to pay it. *In re Merriman's Estate*, 44 Conn., 587. This note therefore should have been allowed and the court erred in rejecting it. The other notes were properly rejected.

The judgment is therefore reversed as to the last note and affirmed as to the others.

In this opinion the other judges concurred.