### WILLIAM J. SPINNEY vs. THOMAS FREEMAN.

Suffolk.   March 19, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Limitations, Statute of.*

In an action for the price of goods sold and delivered, in which the statute of limitations was pleaded, it appeared that after a running account had existed between the plaintiff and the defendant, on which a balance was due to the plaintiff, the transactions between them ceased for four years and then were resumed, when the plaintiff said to the defendant, "You must not let the old account increase, but must pay for your goods as you buy them," and that thereafter during a period of seven months "the defendant did pay for each bill of goods as bought or shortly thereafter and intended that his payments should be applied on said purchases and not on the purchases of the first period of trading and that the plaintiff intended likewise and so applied them." The writ was dated more than six years after the last item on the old account. "At the time of the. trial . . . it was discovered that the credits of the second period of trading exceeded the debits by seventy-five cents." The plaintiff claimed the right to apply this accidental over-payment to the old account and thus create a payment which would take that account out of the statute of limitations by which otherwise it was barred. *Held*, that the plaintiff did not have this right, as the defendant had not intended to make a payment on the old account, and that recovery of the balance due on the old account was barred by the statute.

CONTRACT on an account annexed for a balance of $228.62 alleged to be due for the price of goods sold and delivered by the plaintiff to the defendant. Writ in the Municipal Court of the City of Boston dated January 24, 1916.

The defendant's answer contained an allegation "that the cause of action mentioned in the plaintiff's writ and declaration did not accrue within six years before the suing out of the plaintiff's writ."

The evidence at the trial in the Municipal Court is described in the opinion. The first running account between the plaintiff and the defendant, there mentioned, was from May 31, 1907, to November 20, 1908, when there was a balance due to the plaintiff, the last credit item being dated May 6, 1909. On October 8, 1913, the trading between the parties was resumed in the manner described in the opinion. From October 8, 1913, there were almost

continuous transactions between the parties until the last purchase on May 29, 1914. The report states that "At the time of the trial, when the amended declaration was allowed, it was discovered that the credits of the second period of trading exceeded the debits by seventy-five cents." The plaintiff asked the judge to make the following rulings:

"1. On all the evidence the plaintiff is entitled to recover.

"2. That the defendant must be held to have intended the full effect of the payment of seventy-five cents upon whichever debt the creditor intended to apply it."

"7. The payment by the defendant of a sum greater by seventy-five cents than the balance of the later part of the account in the absence of any fact tending to show that the defendant intended a different application gave the plaintiff the right to apply said payment on the earlier part of the account.

"8. The payments made by the defendant were not made on any part of the account existing between the parties, but were made to be applied to the whole account."

The judge refused to make any of these rulings, and made the finding which is quoted in the opinion. He found for the defendant and at the request of the plaintiff reported the case to the Appellate Division. The Appellate Division made an order that the report be dismissed; and the plaintiff appealed.

*F. W. Doring*, (*F. Killam* with him,) for the plaintiff.

*J. W. Rorke*, (*S. L. Webb* with him,) for the defendant.

DE COURCY, J. When the parties entered on their second period of trading, on October 8, 1913, the plaintiff said to the defendant, "You must not let the old account increase, but must pay for your goods as you buy them." From that time there were almost continuous transactions between the parties, the last purchase being on May 29, 1914. The trial judge has expressly found "that the defendant did pay for each bill of goods as bought or shortly thereafter and intended that his payments should be applied on said purchases and not on the purchases of the first period of trading and that the plaintiff intended likewise and so applied them." At the time of the trial, when the amended declaration was allowed (April 7, 1916), it was discovered that the credits of the second period of trading exceeded the debits by seventy-five cents.

The first running account ended on November 20, 1908, when .

there was a balance due the plaintiff; and the last credit thereon was on May 6, 1909. It was almost seven years later when the parties discovered the overpayment on the second account, which apparently was made by error and mistake. Assuming that the plaintiff had a right to retain this seventy-five cents, his application of it to the old account, already barred by the statute of limitations, would not renew that account. In order to take the debt out of the operation of the statute, such appropriation must be specifically made or directed by the debtor. *Pond* v. *Williams,* 1 Gray, 630. *Wenz* v. *Wenz,* 222 Mass. 314. *Kennedy* v. *Drake,* 225 Mass. 303, 308, and cases cited.

It is urged by the plaintiff that the unintended overpayment may be considered as applied to the first account at the time when it was made, and the running of the statute thereby arrested. But a conclusive answer to this contention is, that whenever this was received by the plaintiff it was intentionally applied by him to the second account. Such too was the intention of the defendant, who had a right to direct the application of the payments made by him. *Ramsay* v. *Warner,* 97 Mass. 8. The plaintiff never attempted to alter that application; nor could he have done so except with the consent of the defendant. *Plummer* v. *Erskine,* 58 Maine, 59. *Coon's Appeal,* 52 Conn. 186. *Smith* v. *Wood,* Saxton, 74. 30 Cyc. 1239, and cases cited.

In view of the findings of fact made by the trial judge there was no error in denying the plaintiff's first, second, seventh and eighth requests, and finding that the account sued on was barred by the statute of limitations,

*Order dismissing report affirmed.*