JOHN J. KELLY *vs.* ELLEN J. McINTYRE, administratrix.

Berkshire.    September 21, 1948. — October 28, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Limitations, Statute of. Payment. Error,* Whether error harmful. *Practice, Civil,* Exceptions: whether error harmful. *Evidence,* Relevancy and materiality, Business records.

The furnishing of board, room and laundry pursuant to a contract of employment requiring the employer to furnish them to the employee and also to pay him a stated sum weekly was not an acknowledgment by the employer of indebtedness to the employee for unpaid weekly sums due previous to such furnishing and did not take such indebtedness out of the operation of the statute of limitations.

Error in refusing to rule that a plaintiff's claim for sums periodically due under a contract was barred by the statute of limitations as to certain of such sums was prejudicial where, although a verdict for the plaintiff was in an amount less than the total claimed, it could not be ascertained from the record that the verdict was not based, at least in part, on sums subject to the statute.

At the trial of an action for compensation due under a contract of employment, evidence as to what the employer did with the earnings of a store in which the employee worked and that the employee borrowed money was irrelevant; and a certain letter from the employer to the employee protesting against the employee's leaving the employment was admissible to show the relation of the parties but not as an acknowledgment of the indebtedness alleged by the employee.

It would have been proper to allow an expert accountant to testify that certain account books and records of a store admitted in evidence were kept in accordance with accepted bookkeeping or accounting practices.

CONTRACT. Writ in the Superior Court dated June 13, 1946.

The action was tried before *Burns,* J. Subject to the defendant's exceptions, the judge admitted evidence as to the disposition made by the defendant's intestate of the earnings of her store, and that the plaintiff borrowed money, and excluded testimony by an accountant that the intestate's books and records in evidence were maintained in accordance with accepted bookkeeping or accounting practices.

There was evidence that the plaintiff "left the store" of the intestate on or about April 20, 1945. A letter received by the plaintiff from the intestate about April 26, 1945, admitted in evidence over the defendant's exception, was in part as follows: "I still can't believe or realize what happened that could make you put me in such a predicament, knowing I had no one to turn to . . .. Certainly you know I depended and appreciated everything you were doing for me. No matter what was to happen, you would share my last nickel with me. . . . I can't believe it happened to me through you, my only standby all these years, and certainly I never failed you when the breaks weren't coming your way. I am hoping and praying you will come back, and we can work out some plan satisfactory for us both. Everything is as you left it, waiting for you. Business has been a tough struggle, but we licked it, and if we could hold out for a year or two after the war ends, we could solve it better, and have something towards the future. . . . I am doing my best to manage until I hear from you. As ever, depending on you." ·

There was a verdict for the plaintiff, and the defendant alleged exceptions.

*F. J. Quirico*, for the defendant.

*P. A. Tamburello*, for the plaintiff.

WILKINS, J. To this action of contract, which was begun by writ dated June 13, 1946, for services rendered to the defendant's intestate from June 1, 1935, to June 20, 1945, the defences are payment and the six-year statute of limitations. The parties are in agreement as to many fundamental facts. The plaintiff worked for Sadie E. Martin, the defendant's intestate, as a clerk or manager of a variety store from about July 10, 1934, until her death on June 20, 1945. For some months the plaintiff was paid $13 weekly. In August, 1935, the plaintiff and Sadie E. Martin made an oral agreement under which the plaintiff was to be paid $12 weekly and was to receive his board, room, and laundry at her home. Thereafter he was furnished such board, room, and laundry until her death. The plaintiff testified that he never received the $12 weekly.

On the other hand, the defendant introduced evidence from her intestate's books of account and from tax and other returns tending to show that the weekly payments had been made.

The defendant excepted to the denial of certain of her requests for instructions: "15. The statutory period of limitation (G. L. [Ter. Ed.] c. 260, § 2, First, and § 10) for the maintenance of the plaintiff's cause of action is six years from the date the cause of action accrued." "17. The plaintiff cannot, in any event, maintain this action for any cause of action which accrued to him more than six years prior to the death of the defendant's intestate." The jury returned a verdict for the plaintiff.

In support of the rulings, the plaintiff argues that the defendant's intestate waived the statute of limitations by the successive weekly payments in the form of board, room, and laundry. See G. L. (Ter. Ed.) c. 260, §§ 13, 14; *Alpert v. Radner,* 293 Mass. 109, 111. Depending upon the circumstances, a part payment may be an acknowledgment of a debt taking it out of the operation of the statute. *Nutter v. Mroczka,* 303 Mass. 343, 347. *Mendes v. Roche,* 317 Mass. 321, 324. Such payment need not be in cash but may assume other forms, including the furnishing of board, room, and laundry. *Sutherland v. MacLeod,* 311 Mass. 295, 297–298. But to avoid the bar of the statute, the circumstances attending the part payment must support a fair and reasonable inference that the debtor intended to renew his promise of payment. *Pond v. Williams,* 1 Gray, 630, 635. *Ramsay v. Warner,* 97 Mass. 8, 13. *Taylor v. Foster,* 132 Mass. 30, 33. *Gillingham v. Brown,* 178 Mass. 417. *Kennedy v. Drake,* 225 Mass. 303, 308. *Spinney v. Freeman,* 230 Mass. 356. *Credit Service Corp. v. Barker,* 308 Mass. 476. *Provident Institution for Savings v. Merrill,* 311 Mass. 168, 171. Those circumstances in the present case do not support such an inference. The reasonable implication is that the board, room, and laundry were furnished and received on account of each current weekly obligation. The providing of those items was in no way an acknowledgment either that there were unpaid weekly cash items for the period

barred by the statute or that, notwithstanding the statute, those items were recognized as still justly due and owing. The exception to the denial of the requests must be sustained.

Although the amount claimed was $6,276, and the verdict was for only $2,550, we cannot tell whether the verdict was based, at least in part, upon payments found to have been due for any of the period more than six years prior to the death of the defendant's intestate. *Markiewicz* v. *Toton,* 292 Mass. 434, 437.

The defendant excepted to rulings on evidence, which we discuss briefly. On this record, we cannot perceive how it was material to admit evidence as to what the defendant's intestate did with the earnings of the store or that the plaintiff borrowed money. See *Downey* v. *Union Trust Co.* 312 Mass. 405, 418–419. The judge might well have permitted the expert accountant to testify that the books of account and records of the defendant's intestate which were in evidence were kept in accordance with accepted bookkeeping or accounting practices. The letter of April 26, 1945, from the defendant's intestate to the plaintiff, while not an acknowledgment of the indebtedness, could in the discretion of the judge be admitted to show the relation of the parties.

*Exceptions sustained.*