GIOVANNI DI IESO *vs.* MARY BELLINO & others. April 3, 1959. Order dismissing report affirmed. This is an action of contract on two promissory notes. The District Court judge found for the plaintiff. The Appellate Division dismissed a report, and the defendants appealed. There was no error. The only questions relate to the denial of certain requests, all of which were rendered immaterial by findings warranted by the evidence. *Cassiani* v. *Bellino, ante,* 765, 766.

The case was submitted on briefs.

*George Gruzen*, for the defendants.

*Frank P. Fralli*, for the plaintiff.

SARAH MOGUL & another *vs.* NATHAN FRANCIS. April 7, 1959. Decree reversed. New decree to be entered declaring that the satisfaction of the execution against Leventhal did not operate as a discharge of the execution against Mogul. The defendant is to have costs of this appeal. The plaintiffs bring this bill for declaratory relief to obtain a declaration that by reason of the satisfaction of an execution against the plaintiff Levanthal held by the defendant an execution held by the defendant against the plaintiff Mogul be deemed satisfied. The case was heard on the bill and answer and the judge ruled that the satisfaction of the execution against Leventhal did not operate as a discharge of the execution against Mogul. From a decree dismissing the bill the plaintiffs appealed. The case in which the defendant obtained the judgments which gave rise to the executions here involved has been before this court (*Francis* v. *Mogul*, 337 Mass. 508) and the exceptions of the defendants (plaintiffs here) were overruled. In that case the jury returned a verdict for the plaintiff (defendant here) against Mogul in the sum of $2,000 and a verdict against Leventhal in the sum of $3,000. After our decision in that case executions issued against Mogul and Leventhal in the amounts of $2,309.66 and $3,543.70 respectively. The Leventhal execution having been paid, the plaintiffs seek to prevent satisfaction of the Mogul execution. In substance the plaintiffs argue that both judgments were for the same cause of action and if both executions are satisfied there will be a double recovery. Since the result will be the same, we assume, without deciding, that the plaintiffs may accomplish their objectives in this type of proceeding. See, however, *Bremner* v. *Hester*, 258 Mass. 425, 426. An examination of the opinion and original papers in *Francis* v. *Mogul, supra,* convinces us that the two verdicts were not for the same cause of action. The count on which the Mogul verdict was rendered was in contract and that on which the Leventhal verdict was rendered was in tort. The former alleged that the plaintiff was "entitled to further credits" which the defendant did not give; the latter charged conversion. Moreover the verdicts were for different amounts and there is no basis for the contention that Mogul and Leventhal were in effect joint tortfeasors. Since this is a proceeding for declaratory relief the bill should not have been dismissed. *Foley* v. *Springfield*, 328 Mass. 59, 62–63.

*Joseph E. Levine*, for the plaintiffs.

*Louis Kobrin*, for the defendant.