*Western District*

No. 180501

## EDWARD GOSLOW, d/b/a AMERICAN PAINTING AND DECORATING CO.

v.

## PITTSBURGH PLATE GLASS CO.

Argued: July 6, 1967     Decided: Aug. 30, 1967

*Present:* Garvey, P.J., Moore, and Allen, J.J.

Case tried to *Walsh, J.* in the District Court of Springfield   No. 180501

*Moore, J.* This is an action in contract or tort in five counts, two of which were for alleged breaches of express warranties, that certain varnish sold by the defendant to the plaintiff was of merchantable quality and that it was fit for a particular purpose; two other counts were for alleged breaches of implied warranties of the same nature; and the other count was for negligence in selling impure varnish.

The defendant filed a general denial to all counts.

At the conclusion of the evidence, the plaintiff duly filed thirty-nine (39) requests for rulings. The defendant filed no requests. The trial judge disposed of the plaintiff's requests for rulings by filing a "special finding of fact", as he designates it, as follows:

> "The court finds for the defendant. Plaintiff's request for rulings are refused as being inconsistent with or inapplicable to the facts found or rendered immaterial thereby".

> "Under a special finding of fact the trial judge found as follows: "This is an ac-

tion of contract by a painting contractor against a paint dealer alleging various breaches of warranty. . .I find there were no breaches of any warranties express or implied. The paint was fit for the purposes intended and was of good merchantable quality. Any difficulties the plaintiff had with the paint were as a result of his not following directions and in using improper equipment to apply it.''

Whether the filing of the flood of requests, (39), was an attempt to confuse and ensnare the trial judge into error is left to conjecture, but it is clear that the number was clearly in excess of those legitimately needed to bring to the trial judge's attention the law involved in order that he might adopt correct principles of law to the facts found. The judge could have stricken the requests for rulings from the files and ordered the plaintiff to reduce them to a reasonable number or risk the loss of any rights under them. *Stella* v. *Curtis,* 348 Mass. 458.

Instead of exercising this power, the trial judge entertained the requests and then refused them as ''being inconsistent with or inapplicable to the facts found or rendered immaterial thereby''.

The bulk of the requests were clearly for the findings of fact; a few were actually inapplicable because of the facts found; some violated Rule 27 of the Rules of the District Courts

(1965). Possibly five of the requests might be considered to be applicable and material in considering the case.

■ Our problem in reviewing this case is to determine whether the trial judge instructed himself correctly and adopted correct rules of law for his guidance in deciding the case. *Adamaitis* v. *Metropolitan Life Ins. Co.*, 295 Mass. 215, 219. His findings of fact as trier of facts cannot be disturbed, if they can be supported on any reasonable view of the evidence with all rational inference of which they are susceptable. *Barttro* v. *Watertown Square Theatre*, 309 Mass. 223.

The evidence was of a conflicting and technical nature. The trial judge had the opportunity to observe the witnesses and weigh the testimony. We should not disturb the finding unless it is clearly wrong as a matter of law. *Di Ieso* v. *Bellino*, 338 Mass. 801.

■ A general finding for the defendant imports a finding of all subsidiary facts essential to that conclusion. *Home Savings Bank* v. *Savransky*, 307 Mass. 601.

For the above reasons we find no prejudicial error and the order should be:

Report Dismissed.

WILLIAM F. SMITH
  of Springfield for the plaintiff.
PHILIP J. TARPEY, JR.
  of Springfield for the defendant.