*Western District*

# No. 152

# BERKSHIRE BANK AND TRUST CO., INC.
# v.
# MARIANNE L. KELLY*

Argued: August 18, 1975. Decided: May 26, 1976.

---
* Reversed by Supreme Judicial Court, 1977.

Case tried to *Cimini, J.,* in the District Court of Central Berkshire (Pittsfield). No.: 34831.

Present: Gould, P.J.; Larkin, and Constantino, J.J.

**Constantino, J.** This is an action of contract, to recover $6,225.23, the amount of a promissory note given by a corporation, "My Cousin and I, Inc.," to the plaintiff. Plaintiff alleges defendant is individually responsible for the amount of the note, because the corporation failed to pay. The defendant's answer is a general denial.

The court found for the defendant.

*At the trial there was evidence that* on July 30, 1973, the corporation, "My Cousin and I, Inc." executed a promissory note wherein it promised to pay plaintiff the sum of six thousand dollars. On the face of the promissory note the defendant signed the note under the corporation's name in the following manner: "Marianne L. Kelly, V. Pres."[1] On the reverse side of the note there was printed under the caption "Additional Conditions" an arbitration agreement containing several paragraphs. Directly under that agreement the defendant signed her name.[2]

During the trial it was stipulated that the corporation had given the promissory note to the plaintiff and the plaintiff had made appropriate written demands on the corporation for payment, and failing receipt of payment had made a written demand on defendant.

There was evidence that the defendant signed her name under the arbitration agreement at the request of the bank employee and without advice that this was to be a personal obligation and not a corporate

---

[1] The signature of defendant, Marianne L. Kelly, was followed by the signature of Pamela V. Huckle as president of the corporation.

[2] The signature of defendant was followed by the signature of Pamela V. Huckle.

one, and that she did not understand the possible legal consequences of her act.

Prior to the close of trial and before final argument, the plaintiff made the following written request for ruling:

> "The question as to the capacity in which a party signs a negotiable instrument is to be determined from the face of the instrument alone, and unless the instrument itself makes it clear that the parties signing it have signed in some other capacity the signer must be treated as an endorser. G.L.c. 106, §3-402. Unless an endorsement otherwise specifies, the endorser engages that upon dishonor and any necessary notice of dishonor in protest he will pay the instrument according to its tenor at the time of his endorsement to the holder. G.L.c. 106, §3-414."

The court found that she was not advised by any employee of the bank that this was to be a personal obligation, and that the defendant did not sign as an individual but signed in her capacity as an officer of the corporation. It ordered the case against her dismissed, ruling as follows on the plaintiff's aforesaid request:

1. Allowed as a ruling of law, but is not applicable to my findings of fact.

2. Allowed as a ruling of law, but I find the facts to be otherwise.

At the hearing on the Draft Report, and at the request of the defendant, the court added to its findings, the following:

> "I further find that the defendant's signature on the reverse side of the note was an agreement to the terms of the arbitration legend, and was not intended, nor did it have the effect, of making her an endorser of the note. Hence, she was not personally liable under the note to the plaintiff."

The matter comes to us on the plaintiff's claim of a report of the court's findings and rulings.

The single issue in this case is whether the defendant in signing her name on the reverse side of the note as she did without further designation under the arbitration agreement, made herself an endorser and personally liable as such. We feel she did not.

Relative to signatures in an ambiguous capacity, G.L.c. 106, §3.402 provides "unless the instrument clearly indicates that a signature is made in some other capacity, it is an endorsement." We feel it is sufficiently clear without reference to anything but the instrument that her signature was made in her official capacity as vice-president of the corporation. It was made at the same time apparently that she signed the front of the note under the corporation title, together with her co-signer and under terms in the body of the note. Both officers signed on both sides under circumstances that would make it appear redundant to spell out again their official capacity.

The plaintiff states that the language on the reverse side does not expressly or implicity ask for a signature and that no signature line is provided. That may be due to the fact that on the front of the note at the bottom in heavy bold type appears the statement: IMPORTANT; NOTE ADDITIONAL CONDITIONS ON REVERSE SIDE. Nevertheless the defendant and her co-signer signed only at the request of the bank employee without further explanation or advisory, under circumstances that indicate she merely signed in adoption of the arbitration terms. Any other interpretation would leave it inferrable that the bank representative misled her, since the report of the court gives no evidence to th contrary.

The findings of the trial justice must be sustained if the evidence reported considered in its aspects most favorable to the defendant supports them. *Sutherland v. McGee*, 329 Mass. 530 (1952). They cannot be dis-

turbed if they can be supported on any reasonable view of the evidence. *Goslow v. Pittsburg Plate Glass Co.,* 39 Mass. App. Dec. 1 (1967). The plaintiff's requests were rendered immaterial by findings warranted by the evidence. *DiIeso v. Bellino,* 339 Mass. 801 (1959). See *Norman v. Beling,* 33 N.J. 237, 163 A. 2nd 129 and Note 82ALR 2nd 417. There being no prejudicial error the report is *ordered dismissed.*