*Southern District*

# No.  134

# RICHMOND REALTY TRUST
## v.
# LINEHAN, INC.

Argued: June 18, 1976. Decided: Feb. 25, 1977.

Case tried before *Hurd, Jr.,* in the District Court of Brockton. Number: 53.

Present: Lee, P.J.; Rider, and Welsh, J.J.

**Lee, P.J.** This is an action of contract to recover rent allegedly due from the defendant under a lease agreement.

The defendant denied owing said rent and also filed three counterclaims as follows: the first two were for breach of contract for failure to make repairs to the leased premises; the third counterclaim was for intentional interference with contractual relations. The plaintiff entered a denial of all counterclaims.

There was a finding for the plaintiff in the sum of $6,000.00 on his action and also a finding for the plaintiff on the three defendant's counterclaims.

There was a detailed report of the evidence, the material parts of which are summarized as follows:

The plaintiff and the defendant entered into a ten (10) year written lease, commencing December 1, 1972 at a rental of $2,000.00 per month payable in advance. The defendant paid this rent up until May 30, 1975, but did not pay for the months of June, July and August of 1975. The defendant refused to

pay this rent on the grounds that certain conditions were allowed to exist by the plaintiff after notice, which were his obligations under the lease to correct. Defendant alleges these breaches of the lease by the plaintiff amounted to constructive eviction, deprivation of the defendant's right to quiet enjoyment and a loss of business.

These conditions were a lack of hot water, lack of heat, burst water pipes, flooding, seepage, holes in the floor, and disintegration of a concrete beam.

The plaintiff testified that when any of these conditions were brought to his attention they were corrected, where they were found to be in existence.

The plaintiff also denied that the heat was too low at any time and pointed out that the holes in the floor were not in existence from the beginning of the lease and were not of three months duration.

The plaintiff and defendant both submitted requests for rulings of law. The trial justice treated the plaintiff's requests as waived due to his general finding. The defendant filed eight requests for ruling of law. We are not able to ascertain as to what particular rulings the defendant claims to be aggrieved, as the report states that it is aggrieved by the rulings of the court. We, therefore, consider all the requests for rulings filed by the defendant and the court's action thereon.

The defendant's requests for rulings of law and the court's action on them are as follows:

(1) The evidence warrants a finding for the defendant in that the plaintiff has caused numerous breaches on the lease agreement. *Allowed.*

(2) As a matter of law, defendant has a right to the quiet enjoyment of the premises. *Allowed.*

(3) As a matter of law, the acts of the plaintiff have deprived the defendant of its quiet enjoyment of the premises. *Allowed.*

(4) The evidence requires a finding for the defendant because the acts of the plaintiff are tantamount to a constructive eviction. *Denied*.

(5) As a matter of law, the evidence is insufficient to require a finding for the plaintiff. *Denied*.

(6) The evidence warrants a finding for the defendant on the first counterclaim because the plaintiff breached the lease agreement executed on or about November 30, 1972, by failing to make repairs to ceilings, pipes and other items of realty, as was required by the said agreement. *Allowed*.

(7) The evidence warrants a finding for the defendant on the second counterclaim because the damage to the defendant's sales and good will of the business was proximately caused by the intentional breach of the lease agreement by the plaintiff. *Allowed*.

The court made the following finding of facts:

**1.** The plaintiff and defendant executed a written lease dated November 30, 1972, wherein the plaintiff leased the ground floor and the basement to the defendant.

**2.** The term of the lease is ten years and the rent is $2,000.00 per month.

**3.** The defendant has not paid the rent due for the months of June, July and August 1975. (But the parties stipulate and the court agrees that the defendant has not paid the rent due for the months of May, June and July, rather than June, July and August.)

**4.** The two pertinent covenants in the lease are as follows:

"3. The tenant shall be responsible for all interior repairs to and maintenance of the premises which are under its immediate control. Because of the age and condition of the building, the landlord will be responsible for the maintenance and replacement, if necessary, of the ceilings, pipes, and other items of realty which, because of age, may wear out during the term of the lease. The tenant shall pay all charges

for water and sewer; shall pay all charges for electricity and gas; shall take care of its own waste and rubbish, and remove the same from the premises, so that the store and basement shall always be kept clean and in a sanitary condition.

4. The tenant shall also pay for all breakage of glass in the leased premises, and shall make no claim on the landlord for any damage from water on said premises from flooding from the streets."

**5.** The landlord during the term of the lease has made repairs to the leased premises when notified of a condition or conditions requiring the landlord's attention.

**6.** No evidence that certain conditions affecting the leased premises, such as bursting of a pipe in the ceiling on June 12, 1975 caused the tenant to sustain damage to its fixtures and/or its inventory or caused it to lose sales and goodwill.

**7.** Thus far during the term of the lease the tenant has not been constructively evicted from any portion of the leased premises by the landlord.

**8.** No evidence that the landlord has breached the covenant of quiet enjoyment by intentionally and maliciously for the purpose of causing damage to the defendant's business, agreeing with third parties to use and occupy other portions of its building (a) for the operation of an establishment for sale and consumption *in situ* of alcoholic and similar beverages or (b) for the storage of turpentine and/or inflammable substances.

Upon all the evidence I find the landlord has fulfilled its obligations under the lease and that the tenant has breached the convenant to pay rent contained in the lease of November 30, 1972, and owes the landlord $6,000.00.

The issues in this case are two in number:

(1) Does the evidence support the findings of the trial justice; and

(2) Does the trial justice's determination on the defendant's requests for rulings of law show prejudicial error or such an inconsistency that his findings for the plaintiff should be set aside.

■ We note at the outset, that the trial justice's findings of fact are conclusive if there is any credible evidence to support them. *Glazier v. Andrews,* 349 Mass. 417 (1965). *Scire v. Scire,* 348 Mass. 768 (1964). *Sutherland v. McGee,* 329 Mass. 530 (1952). They cannot be disturbed if they can be supported on any reasonable view of the evidence even if some of it is conflicting. *Di Ieso v. Bellino,* 338 Mass. 801 (1959). *Goslow v. Pittsburgh Plate Glass Co.,* 39 Mass. App. Dec. 1, 4 (1967).

The defendant claims to be aggrieved by the court's action on its requests for rulings of law.

■ The proper remedy in the first instance to correct any inconsistency between the trial justice's allowance or denial of certain requests for rulings of law and his finding is by the filing of a motion to correct such inconsistency or by a motion for a new trial. Neither motion was filed in this case and the failure to do so could be fatal to the defendant. *Biggs v. Densmore,* 323 Mass. 106, 108, 109. (1948). *Di Lorenzo v. Atlantic National Bank of Boston,* 278 Mass. 321, 324. (1932).

We look further, however, at the court's treatment of the defendant's requests for rulings of law to see if there was any reversible error. The trial justice was correct in his actions on requests for rulings of law numbers one (1), two (2), four (4), five (5), six (6) and seven (7).

■ The defendant's requests for rulings of law stating that there is evidence to warrant a finding for the defendant, although allowed by the court, does not require it to much such findings. *Godfrey v. Caswell,* 321 Mass. 161, 162. (1947). *Hoffman v. Chelsea,*

315 Mass. 54, 56. (1943). *Strong v. Haverhill Electric Company,* 299 Mass. 455, 456. (1938).

The thrust of the defendant's grievance appears to be in the court's allowance of defendant's request for ruling number three (3) and then making a finding for the plaintiff on the defendant's counterclaims.

■ The trial justice acted properly in his finding for the plaintiff on its action for rent. The defendant had no legal defense to it and the finding was supported by the evidence.

■ Constructive eviction is always a defense as to rent, but there is no such occurrence here. *Dyecraftsmen, Inc. v. Feinberg,* 359 Mass. 485, 489. (1971). *Charles E. Burt, Inc. v. Seven Grand Corp.,* 340 Mass. 124, 127. (1959).

■ The defendant, also, is not excused from its covenant to pay the rent by the failure of the plaintiff to perform a covenant in the lease, such as making repairs, in the absence of such a provision in the lease to that effect. The payment of rent here is an independent convenant. *Malden Knitting Mills v. United States Rubber Company,* 301 Mass. 229, 232, 233. (1938). *Ober v. Brooks,* 162 Mass. 102, 107. (1894). *Royce v. Guggenheim,* 106 Mass. 201, 203 (1870).

We turn now to the defendant's counterclaims for damages against the plaintiff alleging its failure to make repairs and for the intentional interference with contractual relations.

The defendant's request for ruling number three (3) should have been denied by the trial justice based upon his finding of facts.

It is apparent from his findings of facts that the trial justice found no constructive eviction and that the defendant suffered only annoyance and inconvenience, something short of the legal definition of breach of quiet enjoyment, during the term of the lease.

The court further found no breach of any contract or interference with contractural relations. He found that repairs were made to certain conditions brought to the plaintiff's attention and that other conditions disappeared in a short time due to natural consequences. He found no loss of profits or of any goodwill.

■ These findings of fact are supported by the evidence and therefore the allowance of request number three (3) is harmless error. *Bresnick v. Heath,* 292 Mass. 293, 298. (1935). *Perry v. Hanover,* 314 Mass. 167, 175. (1943). *Quality Finance Co. v. Hurley* 337 Mass. 150, 152. (1958).

There being no prejudicial error in the justice's action on the defendant's requests for rulings of law and his findings being supported by the evidence, **the report is ordered dismissed.**