# ARLINGTON TRUST CO.
## vs.
## Anthony J. PAPPALARDO

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**March 25, 1980**

**Robert J. O'Sullivan** for the plaintiff.
**Wilbur A. Hyatt** for the defendant.

Present: Cowdrey, P.J., Flynn & Tiffany, JJ.

FLYNN, J. This is an action in contract to recover on a promissory note which was allegedly endorsed by the defendant as an accommodation maker.

At trial there was evidence tending to show that: The defendant was an officer and shareholder of a corporation known as Flamingo Bay, Inc. (hereinafter Flamingo) from 1970 until the time of trial.

On or about December 16, 1970, Flamingo issued a promissory note in the amount of $125,000.00 with the plaintiff, Arlington Trust Company as payee. The note was a demand instrument, and it was signed by the defendant as vice-president of Flamingo, as well as by the president and treasurer of Flamingo. Subsequent to December 16, 1970, the note was also signed by nine individuals who were shareholders of Flamingo and whose signatures appear in the left hand column.

Flamingo made regular interest payments on the note from February 3, 1971 through October 28, 1977, but had made only one payment in the amount of $5,000.00 toward the principal as of August 1, 1977.

In the spring of 1977, and for one or two years previous thereto, the plaintiff bank was criticized by the Banking Commission for the Commonwealth of Massachusetts for carrying such a large, unsecured demand loan for seven years without any significant reduction in ·the principal balance. The plaintiff thereupon contacted several officers and shareholders of Flamingo, and threatened legal action against Flamingo and the individual co-makers unless positive steps were taken to pay the outstanding principal balance of the loan which then amounted to $120,000.00

Several meetings were held in the spring and early summer of 1977 between Mr. John J. Bazzinotti, a senior vice-president of the plaintiff, Arlington Trust Company, and some of the shareholders of Flamingo. At these meetings, Mr. Bazzinotti stated that unless provisions were made for payment of the loan the bank would take legal action against Flamingo and the individual co-makers. It was finally agreed that each shareholder would make monthly payments in the amount of $100.00 to the plaintiff on account of principal, in proportion to his ownership interest in Flamingo. Defendant Pappalardo was not present at any of these meetings.

Subsequently, the defendant received calls from Mr. D'Urso, Alfred A. Tomaselli, Sr. and Alfred A. Tomaselli, Jr., individual signers of the note as well as shareholders of Flamingo. The defendant was advised by these individuals that they were going to be sued if the note were paid and that he, Pappalardo, should sign the note. Mr. Tomaselli, Sr. made all of the arrangements for the defendant to go to the bank and sign the note.

On August 2, 1977, the defendant went to the plaintiff bank for the express purpose

of signing the note. The defendant met with the senior vice-president of the bank, and told him that he was unable to make monthly payments on the note at that time because of illness and an inability to do any further work. He was then told by said bank officer that if the defendant signed the note, the bank would expect payment from him. The defendant again told the bank officer that he could not afford to pay the note. There was a delay for a few minutes, and the bank officer then said to the defendant, "Sign the note, anyway." The defendant thereupon signed the note.

The defendant subsequently failed to make any payments on the note.

In response to requests for rulings of law submitted by the parties, the trial court found, inter alia, that:

> "[t]he defendant had intended, in the first instance, to accommodate the original signers of the note but when he advised the bank that he did not intend to be responsible for any payments, and was advised by the bank to sign the note anyway, he then was accommodating the bank rather than his fellow shareholders.

> "I find there was no consideration given to the defendant for his signature on the note. I find that as to the defendant, the action was not brought within the time set forth by the statute of limitations. I therefore find for the defendant."

The plaintiff is presently before this Division claiming to be aggrieved by: (1) the denial of its requested rulings 6, 7, 8 and 10, and the trial court's related finding that the defendant accommodated the bank rather than his fellow shareholders; (2) the denial of its requested rulings 20, 21, 22, 23, 24 and 25 and the allowance of defendant's request number 4, which were premised on the trial court's subsidiary finding of a failure of consideration; and (3) the denial of the plaintiff's requests numbers 13, 14, 16, 17, 18 and 19 and the allowance of defendant's requested rulings 1 and 2, which derived from the trial court's ruling that the plaintiff's suit is precluded by the expiration of the statute of limitations period.

1. The Issue of Accommodation.

We rule that insufficient evidence exists to sustain the court's finding that the defendant endorsed the note as an accommodation to the plaintiff-bank. We rule that the defendant's status is that of an accommodation maker for Flamingo and the other shareholders, with full liability to the plaintiff on the promissory note at issue.

Under the provisions of the Uniform Commercial Code, an accommodation party is not liable to the party accommodated. G.L. C. 106, s. 3-415(5).[1] In interpreting this very same legal principle as it was contained in the predecessor Negotiable Instrument Law, the Supreme Judicial Court stated as follows:

> "As to third parties, the rights and liabilities of an accommodation party are, in general, the same as those of a party receiving valuable consideration for his signature; but between the accommodation party and the person accommodated there is no such liability, and one who draws or endorses commercial paper for the accommodation of another is not liable on it to him, whatever their apparent relation upon paper may be."

Conners Bros. Co. v. Jennie E. Sullivan, 220 Mass. 600, 605 (1915).

The plaintiff's charge of error in the trial court's denial of requested rulings 6, 7, 8 and 10 raises an issue as to the sufficiency of the evidence to support the court's subsidiary finding that the defendant endorsed the note at issue as an accommodation to the plaintiff.

The identity of the accommodated party is a question of fact for the trial court, Gibbs v. Lido of Worcester, Inc., 332 Mass. 426, 431 (1955); Leonard v. Woodward, 305 Mass. 332, 334 (1940); Jacobs v. Brown, 259 Mass. 232, 237 (1927), which may be resolved on the basis of parol evidence as to the circumstances attending the endorsement of the instrument. G.L. C. 106, s. 3-415(3); United Beef Co. v. Childs, 306 Mass. 187, 191-192 (1940); Tanners Nat'l

---

[1] General Laws c. 106, s. 3-415(5) states: "An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party."

187, 191-192 (1940); **Tanners Nat'l Bank of Woburn v. Dean**, 283 Mass. 151, 154 (1933); **Goodman v. Gaull**, 244 Mass. 528, 529 (1923).

The only evidence contained in the report which supports the court's subsidiary finding is the statement of the plaintiff's officer to the defendant to "[S]ign the note, anyway." Said statement falls short of the requisite proof advanced in other cases wherein the payee has been held to be the accommodated party. See **Quincy Trust Co. v. Woodbury**, 339 Mass. 565, 567-568 (1938) (signature without consideration at request of and for security of the payee); **Great Barrington Savings Bank v. Day**, 288 Mass. 181, 184-185 (1934) (signature at request of the payee to whom credit was actually extended); **Goodman v. Gaull, supra** at 529-530 (signature at the request of and for the convenience of the payee, payor unaware of same). See also **Salem Trust Co. v. Deery**, 289 Mass. 431, 436 (1935) (evidence that the signature was at the request and for the benefit of the payee, without consideration, and upon the payee's promise that endorser would not be held liable, would warrant a finding for the defendant-endorser).

Moreover, the inference apparently drawn by the trial court from the statement in question is contradicted by direct evidence that the defendant endorsed the note at issue for the accommodation of Flamingo shareholders. From the evidence reported, it is clear that the defendant added his signature to the note at the request of, and through arrangements made by, the shareholders of the corporation. More significantly, it was the corporation and the shareholder-signatories of the note who derived the primary benefit from the defendant's endorsement; namely, a postponement and eventual release from suit by the plaintiff to enforce the note. An endorsement rendered at the request and for the benefit of the maker of a promissory note may be deemed an accommodation for the maker and not for the payee. **Waltham Trust Co. v. Cincotta**, 293 Mass. 272, 276-277 (1936). An interpretation of the senior vice-president's statement to the defendant as a request for the endorsement would not alter this result because an endorsement provided at the request of a payee but for the benefit of the maker of a promissory note is an endorsement for the accommodation of the maker. **Tanners Nat'l Bank of Woburn v. Dean, supra** at 155.

In the case of **Neal v. Wilson**, 213 Mass. 336 (1913), the defendant, at the request of the plaintiff, gave his check to the plaintiff in payment of or as security for a debt due the plaintiff by one Pearson. The check was dishonored by the drawer-bank, and the plaintiff commenced suit. The defense raised was that the check was given at the solicitation of the cashier of the plaintiff and not at the request of Pearson, and that the plaintiff was, therefore the party accommodated. The Court held, at page 338, that "even if the note was given at the cashier's solicitation it was confessedly given to be passed to the credit of Pearson's overdrawn account in order to make the account whole." Mere solicitation by a payee, therefore, is insufficient to make the payee the accommodated party.

Again, in the case of **Tanners Nat'l Bank of Woburn v. Dean, supra**, the Court held that the evidence established that the defendant-maker accommodated one Anderson, an endorser, by signing the instrument even though the defendant never had the note in his possession; was called to the plaintiff bank and asked to sign by an employee of the plaintiff; was told he would be responsible for the note; and, simultaneously with signing the note endorsed checks, representing the proceeds of the loan, over to the subsequent endorser of the note. The Court upheld a directed verdict awarded to the plaintiff, and cited the case of **Neal v. Wilson, supra**, as the governing authority.

We therefore rule that the trial court's subsidiary finding as to the identity of the accommodated party cannot be sustained on any reasonable view of the evidence, and must be reversed. The plaintiff was entitled to the rulings of law sought in its requests numbers 6, 7, 8 and 10 that the defendant endorsed the promissory note in question for the accommodation of Flamingo and its shareholders, and not for

the plaintiff. The defendant should be deemed, therefore, an accommodation maker within the meaning of G. L. C. 106, s. 3-415(1)[2] and thus subject to the plaintiff's instant claim.

## 2. The Issue of Consideration.

We rule that the plaintiff's forbearance from suit against Flamingo Bay, Inc. constituted sufficient consideration for the defendant's accommodation endorsement.

The abandonment or forbearance from the prosecution of an enforceable claim constitutes a valid consideration for a promise or contract. **Melotte v. Tucci,** 319 Mass. 490, 492 (1946); **Kahn v. Waldman,** 283 Mass. 391, 393 (1933); **Codman v. Dumaine,** 249 Mass. 451, 458-459 (1924); **Silver v. Graves,** 210 Mass. 26, 30 (1911). The plaintiff contends that its promise to refrain from initiating suit against Flamingo and its shareholders to enforce the promissory note at issue operated as a legally sufficient consideration for the defendant's accommodation endorsement. We agree. It was at least arguably to the advantage of the defendant, as a stockholder and officer of Flamingo, to prevent costly litigation against Flamingo. The forbearance from suit against a corporation has been held to be sufficient consideration for the execution of a promissory note by the corporation's principal stockholder and treasurer. **Domestic Rag Co. v. Cutter,** 17 Mass. App. Dec. 35, 40 (1959), aff'd 339 Mass. 778, 778-779 (1959).

General Laws c. 106, s. 3-408 would also appear to be dispositive of the issue of consideration herein. Said statute provides, in relevant part, that "no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." The prior obligation referred to may be that of the endorsing party or "a third person." Uniform Commercial Code Comment to s. 3-408, para. 2. The antecedent obligation of Flamingo may, therefore, be deemed to represent sufficient consideration for the defendant's endorsement.

An allegation of a failure of consideration customarily presents a question of fact for the trial court. **Wolff v. Perkins,** 254 Mass. 10, 13 (1925); **Sullivan v. McEtrich,** 248 Mass. 496, 498 (1924). The trial court's subsidiary finding herein that the defendant's endorsement fails for want of consideration would appear, however, to be premised upon an inaccurate conception of the controlling statutory and common law. Said finding and the denial of the plaintiff's related requested rulings must, therefore, also be reversed.

## 3. The Issue of the Statute of Limitations.

We rule that the statute of limitations is not a valid defense to the present action, and the trial court's contrary finding and rulings constitute error.

The indebtedness herein is evidenced by a demand note upon which a cause of action accrues immediately as of the date of delivery or issue. G. L. c. 106, s. 3-122(1)(b);[3] **Bielanski v. Westfield Savings Bank,** 313 Mass. 577, 580 (1943); **Cantor v. Newton,** 4 Mass. App. Ct. 686, 691 (1976). As the promissory note herein was executed on December 16, 1970, the six year statute of limitations on the note, G. L. c. 260, s. 2, would have expired prior to June 16, 1978, the date of the commencement of this suit.[4]

The defendant's initial signature on the note in question was, however, entered only in behalf of Flamingo Bay, Inc. by the defendant as an officer of said corporation. Such an endorsement in a representative capacity, G. L. c. 106, ss. 1-201(35),[5] 3-404(3),[6] neither conferred

[2]General Laws c. 106, s. 3-415(1) states: "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it."

[3]General Laws c. 106, s. 3-122(1)(b) states: "A cause of action against a maker or an acceptor accrues in the case of a demand instrument upon its date, or, if no date is stated, on the date of issue."

[4]The continuing payments of interest, and the single payment toward principal, of course preserved the continued viability of the plaintiff's cause of action against Flamingo Bay, Inc. by virtue of G. L. c. 260, s. 14 McDonald v Hanahan, 328 Mass. 539 (1952); Kelly v. McIntyre, 323 Mass. 313 (1948).

[5]General Laws c. 106, s. 1-201(35) states: "Representative includes an agent, an officer of a corporation ... or any other person empowered to act for another."

[6]General Laws c. 106, s. 3-403(3) states: "Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."

liability on the defendant nor rendered the defendant a party to the note. G. L. c. 106, s. 3-401(1);[7] **Berkshire Bank & Trust Co. v. Kelly,** 58 Mass. App. Dec. 133, 136 (1976). Compare **Carleton Ford, Inc. v. Oste,** 1 Mass. App. Ct. 819, 819-820 (1973); **Quinlan Publishing Co. v. Kiley,** 57 Mass. App. Dec. 84, 91-92 (1975). No cause of action on the note could thus have accrued until the defendant became a party thereto on August 2, 1977 via his accommodation endorsement. The six year statutory period of limitations applicable to the plaintiff's claim against the defendant did not begin to run, therefore, until August 2, 1977. This suit, initiated by complaint dated June 16, 1978, was thus seasonably commenced, and the statute of limitations presents no defense to the plaintiff's claim.

The denial of the plaintiff's requested rulings numbers 13, 14, 16, 17, 18 and 19, and the trial court's related subsidiary findings on the limitations issue, therefore, constitute reversible error justifying a finding for the plaintiff herein.

**4. Conclusion.**

The trial court's denial of the plaintiff's requested rulings on the issues of accommodation, consideration and the statute of limitations signify reversible error. Judgment for the defendant is vacated, and a finding for the plaintiff is to be entered. This cause is remanded to the trial court for an assessment of damages to be awarded to the plaintiff.

So ordered.

J. Flynn

---

[7]General Laws c. 106, s. 3-401 (1) states: "No person is liable on an instrument unless his signature appears thereon."

