Canavan, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries allegedly sustained when he tripped and fell in a pothole located in a parking lot operated by the defendant, Parking Specialists, Inc. (hereinafter called “Parking Specialists”) at the Wonderland Station in Revere.
The defendant, Parking Specialists, denied liability and further alleged that the plaintiffs negligence contributed to the accident and either avoided or reduced its liability.
The court found for the plaintiff. The court found the plaintiff 25 percent contri-butorily negligent, thereby reducing the damages against Parking Specialists.
The following was the only evidence introduced by the plaintiff on the question of the defendant Parking Specialists’ alleged negligence:
Parking Specialists leased the parking area adjoining the Wonderland MBTA Station on May 1, 1976 and was in possession and control of said premises at the time of the incident. The area was partially paved and partially unpaved for the parking of cars for commuters who used the MBTA facilities. The defendant, Parking Specialists, had knowledge of holes on both the paved and unpaved areas of the parking lot when it leased the area. It had engaged a construction company to fill said holes with stone dust prior to the date of the plaintiffs fall. The hole into which the plaintiff fell was at least 4” in depth, several feet in length and width, and about 150’ from the control office of the parking lot and was in an area in which cars are parked by commuters of the MBTA, and for which commuters paid a fee to the defendant, Parking Specialists. One employee of the defendant Parking Specialists was present each day from 6:00 a.m. to 2:00 p.m.
The plaintiff had been in the parking lot on previous occasions and knew of the physical conditions existing therein. The plaintiff, an MDC police officer, was lawfully in the area at the time of the accident, in pursuit of a suspect, when he tripped in a hole at the edge of the blacktop area of the parking lot, at 1:00 a.m. on May 28, 1976.
The plaintiffs wife testified that, on May 29,1976, accompanied by her husband, she took photographs of the defendant’s parking lot. The plaintiff testified that the photographs depicted the area where he fell.
After the plaintiff completed the presentation of his evidence, the defendant, Parking Specialists, moved for a dismissal under Mass. R. Civ. P. 41(b)(2) on the grounds that *222 upon the facts and the law, the plaintiff showed no right to relief. The court denied the motion. At the close of the trial, and before the final arguments, the defendant made 27 requests for rulings.
The court made the following findings:
The court finds that the defendant, Parking Specialists, Inc. pleased the parking space adjoining the Wonderland Park MBTA Station on May 1, 1976 and was in possession and control of the premises. The lessor was the defendant, MBTA.
The area was both paved and unpaved for the parking of cars of commuters who used the facilities of the MBTA. The defendant, Parking Specialists, had knowledge of holes on both the paved and unpaved areas of the parking lot when it leased the area. The defendant, Parking Specialists, engaged a construction company to fill holes with stone dust prior to May 28, 1976. The hole in which the plaintiff fell was in an area in which cars are parked by customers of the MBTA and paid the fee to the defendant, Parking Specialists.
The hole was at least 4 inches in depth, several feet in length and width, about 150 feet from the control office of the parking lot. The court finds that the defendant knew about the hole or should have known about it with the exercise of reasonable care. The defect was in an area where the customers parked their cars.
The court finds that the plaintiff had been in the parking area on previous occasions and knew of the physical conditions existing on the parking lot. The plaintiff was lawfully on the area, in pursuit of a suspect. The court rules that the defendant Parking Specialists owed him the duty to keep the property in reasonable repair and maintenance to prevent injury.
The court finds that the plaintiff had prior injuries to his right knee many years before the occurrence of the accident. The court finds that the injuries received in the fall were the direct result of the existing condition of the premises of the defendant, Parking Specialists. The original injury to the knee of the plaintiff was in the Korean War. He had subsequent injuries to the knee while performing duties as an MDC Police Officer. The court finds that the plaintiff s knee was functioning properly and without pain just prior to the fall of the plaintiff.
The court further finds that the treatment and operations that followed were the direct result of the fall of the plaintiff on May 28, 1976, and were necessary.
The court further finds that the plaintiff was 25 percent negligent in his conduct on the night of May 28, 1976 when he chased an unknown person through the parking lot, the plaintiff knowing of the condition of the surface of the parking area.
The court further finds that the defendant, Parking Specialists was 75 percent negligent.
The court finds total damages in the amount of $150,000 or a net finding for the plaintiff in the amount of $112,000.
The defendant, Parking Specialists, claims to be aggrieved by the court’s denial of its motion for dismissal and by the court’s rulings on its requests for findings of fact and rulings of law numbered 13,16,17,21 and 22.
The defendant raised two questions for this court to decide:
The first question raised and argued by the defendant, Parking Specialists, is covered in request for ruling numbered 13 which states-
That there is no evidence that the defendant, Parking Specialists, Inc., its agents, servants or employees, had actual notice of the alleged condition causing the plaintiffs accident, or that the condition had existed for such a *223 length of time that, in the exercise of due care, the defendant should have known of and remedied it.
The Court denied this request and referred to its findings.
The court was right in denying this request.
Findings of fact of a trial justice will not be disturbed by the appellate division when such findings are supportable on any reasonable view of the evidence with all rational inferences of which it is susceptible. Goslow v. Pittsburgh Plate Glass Co, 39 Mass. App. Dec. 1, 4(1961); Bowers v. Hathaway, 337 Mass. 88(1958); Barttro v. Watertown Square Theatre, Inc., 309 Mass. 223 (1941).
Here, the trial justice had the following evidence before him to support his findings that the defendant, Parking Specialists, its agents, servants or employees knew about the hole into which the plaintiff fell or that the hole existed for such a length of time that, in the exercise of reasonable care, the defendant, its agents, servants or employees should have known about it and remedied it:
(1) The defendant Parking Specialists, was in possession and control of the open parking lot at the time of the plaintiffs fall.
(2) The defendant, Parking Specialists, had knowledge of holes on both the paved and unpaved areas of the parking lot when it leased the lot from the MBTA on May 1,1976, 27 days before the plaintiffs fall.
(3) The hole into which the plaintiff fell was a defect, being at least 4 inches in depth, several feet in length and width and located in an area in which MBTA users parked their cars for a fee paid to the defendant.
(4) The hole into which the plaintiff fell was located about 150 feet from the control office of the lot where an employee of the defendant was on duty each day from 6:00 a.m. to 2:00 p.m.
(5) The photographs portraying the hole in the pavement and into which the plaintiff fell, show that it is deep, wide and long and gives the appearance that it had been in existence prior to the time the defendant took possession and control of the parking lot on May 1, 1976.
The second question raised by the defendant, Parking Specialists, is that the trial justice incorrectly' concluded as a matter of law that the defendant breached the duty of reasonable care where the plaintiff was unforseeably present at 1:00 a.m. on May 28, 1976 chasing a fleeing felon on the property controlled by the defendant.
The defendant argues that the trial justice’s rulings on the defendant’s requests for rulings numbered 20,21 and 22 indicate that he agreed that the plaintiffs presence at 1:00 a.m. on May 28,1976, chasing a fleeing felon on the defendant’s premises, was not forseeable, and that the defendant breached no duty to the plaintiff.
Let us examine the trial justice’s rulings on the defendant’s requests for rulings numbered 20,21 and 22.
Request numbered 20 states:
That the standard of care of the defendant, Parking Specialists, Inc. owed to the plaintiff is a duty of reasonable care in all circumstances and that the foreseeability of the plaintiff’s presence at 1:00 a.m. onMay28,1976chasing a fleeing felon, warrants a finding that the defendant, Parking Specialists, Inc., breached no duty to the plaintiff.
The trial justice granted this request and referred to his findings.
He was right in granting this request.
The allowance of a request for a ruling of law stating that the evidence warrants a certain finding deals only with the sufficiency of evidence, if believed, but such a request does not require the finding requested as a matter of law. The trial justice’s granting of request numbered 20 does not mean that he agreed with the defendant and that the defendant breached no duty to the plaintiff. On the contrary, he referred to his own *224 findings and ruled that from the evidence before him the defendant Parking Specialists owed the plaintiff the duty to keep the property in reasonable repair and maintenance to prevent injury to the plaintiff. Godfrey v. Caswell, 321 Mass. 161, 162 (1947); Hoffman v. Chelsea, 315 Mass. 54, 56(1943); Strong v. Haverhill Electric Company, 299 Mass. 455 (1938).
Requests numbered 21 and 22 are closely related and will be considered together.
Request numbered 21 states:
That upon the evidence presented, the defendant, Parking Specialists, Inc., its agents, servants or employees, had no knowledge that the plaintiff would come on the premises at 1:00 a.m. on May 28,1976 and had no knowledge of any alleged defects on the premises.
The trial justice denied this request as to knowledge of defects and referred to his findings.
Requests numbered 22 states:
That upon the evidence presented, the plaintiffs fall on the defendant’s premises was not an event that the defendant Parking Specialists, Inc., should have foreseen in the exercise of reasonable care.
The trial justice denied this request and referred to his findings.
It was for the trial justice to determine whether the plaintiffs fall in a hole on the parking lot was an event that the defendant, Parking Specialists, should have foreseen in the exercise of reasonable care. Parslow v. Pilgrim Parking Inc., 5 Mass. App. Ct. 822 (1977); Palsgraf v. Long Island RR Co., 248 N.Y. 339 (1928).
The trial justice in request numbered 21 acknowledged that the defendant had no knowledge that the plaintiff would come on the parking lot at 1:00 a.m. on May 28, 1976; however, his denial of request numbered 22 made it clear that he made a determination from the evidence before him and the reasonable inferences that he could draw therefrom, that the plaintiff was a lawful visitor on the defendant’s parking lot and that his fall was an event that the defendant should have forseen in the exercise of reasonable care and warranted his finding that the defendant breached a duty that it owed to the plaintiff. The defendant did not argue the court’s denial of request for ruling numbered 16,[2] therefore, we treat it as having been waived. Mass. R. App. P. 16(a)(4).
Since there was evidence of negligence for the court’s consideration, the trial justice did not err in denying the defendant’s motion for dismissal under Mass. R. Civ. P. 41 (b)(2).
We deny the appellee’s request for double costs pursuant to Mass. R. Civ. P. 64(i) for the reason that we do not find that the defendant’s objections to such rulings were frivolous or intended for delay.
There having been no prejudicial error in the rulings complained of, it follows that the report should be dismissed.
Report dismissed.

 REQUEST NO. 16: “It cannot be said that the defendant, Parking Specialists, Inc. through its agents or servants, should reasonably have anticipated that it would be a source of danger to the plaintiff, who would expect to find conditions of the parking lot that would naturally result from a manner in which the parking business was openly and visibly being carried on.”