JOSEPH J. PIEKOS vs. ALBERT BACHAND.

Berkshire.   September 20, 1955. — November 8, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Nursery.   Sale,* Validity.

A farmer who grew spruce trees on his farm to be cut as Christmas trees
and advertised them for sale as such did not conduct a nursery and a
sale of some of the trees by him was not in violation of G. L. (Ter. Ed.)
c. 128, § 19, although he did not hold a grower's certificate or an agent's
license and sold such trees to the buyer for transplanting.

CONTRACT.   Writ in the Fourth District Court of Berk-
shire dated May 25, 1953.

The action was heard by *Goewey,* J.

*John N. Alberti,* (*Benjamin Apkin* with him,) for the de-
fendant.

*J. Norman O'Connor,* (*Walter J. Donovan* with him,) for
the plaintiff.

COUNIHAN, J.   This is an action of contract brought in
a District Court to recover the amount due on the sale of
forty-six spruce trees by the plaintiff to the defendant.   The
judge found for the plaintiff and at the request of the de-
fendant reported the action to the Appellate Division which
found no error in the judge's rulings and dismissed the
report.   The defendant appealed.   There was no error.

There was evidence as follows: The plaintiff, who was a
farmer in Cheshire, planted spruce trees on his farm for
the purpose of raising Christmas trees.   In December of
1952 he advertised in a local newspaper that he had Christ-
mas trees for sale.   As a result the defendant went to the
farm and told the plaintiff that he wanted to purchase some
of these trees "for the purpose of transplanting them on
land" in Williamstown.   He bought forty-six trees at a
price of $12 each.   The trees were later delivered to the

defendant and the plaintiff assisted him in planting them. The plaintiff's grove had not been inspected by the department of agriculture in accordance with G. L. (Ter. Ed.) c. 128, § 17, and the plaintiff had not received a certificate under that section, nor was he licensed under § 18, so that he would be prohibited from selling trees commonly known as nursery stock unless he comes within the exception provided under § 19.[1]

The judge made the following findings. "The plaintiff is a farmer. His farm is devoted in part to the raising of Christmas trees which were in connection with and incidental to it. He does not conduct a 'nursery' and his farm is not a place where nursery stock is grown. The sale of the trees was not a sale of nursery stock. The so called Christmas tree is cone bearing, needle leaved, and retains its leaves throughout the year. They are a small fir tree and may be of pine, spruce or balsam. In this case the forty-six (46) trees were spruce commonly known as Christmas trees."

The defendant filed requests for rulings several of which challenged the validity of the sale because it was not made according to the provisions of c. 128, §§ 17, 18, and 19. The judge denied these requests because they were not material and applicable to the facts found by him. The plaintiff filed three requests all of which were allowed.[2] The judge ruled that the plaintiff was not conducting a nursery and

---

[1] § 19. "No person shall sell, exchange, give, deliver or ship within the commonwealth any tree, shrub or plant commonly known as nursery stock unless such person holds a grower's certificate under section seventeen or an agent's license under the preceding section, and unless a copy of such certificate or license, or such other evidence as the department prescribes, shall accompany each car, box, bundle or package sold, exchanged, given, delivered or shipped, and unless such certificate or license is dated within twelve months of the date of such delivery or shipment; but this section shall not prohibit the selling, giving or exchanging of trees, plants or shrubs by any person who is not a grower of, dealer in, or agent for nursery stock."

[2] "1.    That G. L. (Ter. Ed.) c. 128, § 19, has no application to the sale made by the plaintiff to the defendant herein.

"2.    That the plaintiff did not sell to the defendant nursery stock as defined in G. L. (Ter. Ed.) c. 128, § 19, and the provisions of that section have no application to the aforesaid sale.

"3.    The plaintiff, in planting and growing what are commonly known as Christmas trees, was not engaged in the nursery business."

the sale was not in violation of law. These rulings of the judge present the only questions before us.

The accuracy of these rulings depends in large measure upon the correctness of the findings of fact by the judge. We are of opinion that the findings of the judge were warranted by the evidence. While it is true that these trees were sold by the plaintiff to the defendant for transplanting, they were grown to be cut as Christmas trees and they were advertised for sale as such. It is apparent on the record that the plaintiff was not maintaining a nursery. It was said in *Needham* v. *Winslow Nurseries, Inc.* 330 Mass. 95, at page 100: "According to dictionary definition a nursery is a place where trees, shrubs, plants, and so forth, are propagated from seed or otherwise for transplanting, for use as stock for grafting, and for sale," and at pages 101–102: "The sale of Christmas trees . . . is not of living plants but of dead wood."

The plaintiff as a grower of these trees to be cut as Christmas trees and in advertising and selling them as such was not engaged in the nursery business and comes within the exception in G. L. (Ter. Ed.) c. 128, § 19, which reads in part: ". . . this section shall not prohibit the selling . . . of trees . . . by any person who is not a grower of, dealer in, or agent for nursery stock."

"The case was tried before a judge without a jury, and his findings, like the verdict of the jury, are conclusive if there was any evidence to support them. . . . And in view of his findings of fact, the rulings of law requested [by the defendant] were denied rightly." *Sheppard* v. *New York, New Haven & Hartford Railroad,* 227 Mass. 234, 237.

*Order dismissing report affirmed.*