TRUSIANA SCIRE *vs.* FRANK SCIRE.  October 28, 1964.  Order of Appellate Division affirmed.  This is an action of contract brought by the former wife of the defendant on an execution issued from the Middlesex Probate Court.  The trial judge in the District Court denied most of the plaintiff's requests for rulings and found for the defendant.  The Appellate Division took the view, for reasons stated in its opinion, that the trial judge erred in finding that the defendant sustained the burden of proving payment of the execution.  The Appellate Division, however, on other grounds entered an order dismissing the report.  It is well established that the judge's findings are conclusive if there was any evidence to support them.  *Piekos* v. *Bachand*, 333 Mass. 211.  We are of opinion from the evidence reported that the trial judge was warranted in finding that the defendant did sustain the burden of proving payment of the execution.  Accordingly, we see no point in discussing the basis on which the Appellate Division dismissed the report.  We see no error in the denial of the plaintiff's requests for rulings.  Most of them were inapplicable because they were based on facts contrary to the findings of the trial judge and therefore require no discussion by us.

The case was submitted on briefs.

*Samuel S. Lowen* for the plaintiff.

*Thomas J. Piscopo* for the defendant.

NORMAN KARP *vs.* BOOTT MILLS.  October 28, 1964.  Exceptions sustained.  The most favorable evidence shows that the plaintiff was the invitee of a tenant in the building owned by the defendant; that he slipped and fell because of ruts in the snow on that part of a twenty-eight foot wide outdoor common passageway, located between buildings, which was under the control of the defendant and was used by trucks of the tenants of the defendant and by the occupants of adjoining property.  The judge, having instructed the jury that the plaintiff's rights in the common passageway were no greater than those of the tenant, failed to give, subject to the defendant's exception, in substance or effect the necessary further instructions that the mere relationship of landlord and tenant does not impose upon the landlord the duty to remove snow and ice naturally accumulating upon areas provided for the common use of tenants, and that, in the absence of a showing by the terms of the lease or other valid agreement between the landlord and the tenant that the landlord assumed that duty, no such duty arises.  *McNeill* v. *Home Sav. Bank*, 313 Mass. 664, 666–668, and cases cited.

*Edward R. Butterworth*, for the defendant, submitted a brief.

No argument or brief for the plaintiff.