MARY GLAZIER *vs.* HELEN K. ANDREWS.

Middlesex.    April 8, 1965. — June 24, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Contract,* Performance and breach, For sale of real estate. *Equity Pleading and Practice,* Newly discovered evidence, Judicial discretion.

Breach of a contract for sale of an apartment building calling for a specified number of "legal apartments" and "no building code violations" was not shown, even though the local building department records disclosed no permits for certain of the apartments which had been added in the basement of the building some years after the original construction thereof, where it did not appear what, if any, permits had been required by the code in effect at the time of the addition or that there was "any present violation in the records." [418–419]

A decision by a trial judge denying a motion for a new trial will be reversed by this court if, upon an examination of the record, this court is satisfied that the denial would result in manifest injustice. [419]

A certain motion by the plaintiff in a suit in equity for leave to introduce "newly discovered further evidence" to prove decisive facts which the judge had found were not clearly established at the trial should be allowed. [419]

BILL IN EQUITY filed in the Superior Court on April 5, 1963.

The suit was heard by *Gourdin,* J.

*Benjamin Goldman* (*Sidney Heimberg* with him) for the plaintiff.

*Thomas M. Sullivan* for the defendant.

SPIEGEL, J. By this bill in equity the plaintiff seeks, inter alia, damages for breach of a purchase and sale agreement whereby the defendant agreed to sell certain real estate to the plaintiff and represented that it comprised thirty-nine "legal apartments" and involved "no building code violations." The bill alleges that "after the . . . [plaintiff] acquired title she discovered that there were only thirty-six . . . legal apartments and that the building was in violation of the building code of the City of Boston in that three . . . basement apartments did not have the necessary building permits."

The suit was tried before a judge of the Superior Court who made findings and rulings and ordered the entry of a final decree dismissing the bill. The evidence is reported. In his findings, rulings and order for decree, the judge stated that "the building was constructed forty years ago . . . with proper building permits under the code then in force; that twenty years ago three basement apartments were added. The City records contain no permit for this alteration nor is it clear what, if any, permit was required by the code then in effect. The transfer of title was effected in due course. This did not abrogate the provisions as to the number of 'legal' apartments. . . . The three basement apartments produce an annual rental of $2888., which [the] plaintiff is still receiving. There is no showing of any present violation in the records of the City building department . . . [or] of requirements, if any, for this pre-code alteration. The evidence does not show by a fair preponderance that the provisions of the agreement have not been satisfied." The plaintiff subsequently filed a motion for leave to introduce "newly discovered further evidence" of a notice from the Boston building commissioner indicating that no permit was secured for the three basement apartments in question. The plaintiff appealed from the denial of this motion and from the final decree dismissing the bill.

In our review of the evidence we will not reverse the findings of the trial judge unless they are plainly wrong.

*McMahon* v. *Monarch Life Ins. Co.* 345 Mass. 261, 262–263. The only evidence offered to show that there were only thirty-six "legal apartments" and that the "building was in violation of the building code" was the testimony of the building inspector that permits have been granted for only thirty-six apartments. Even if such testimony were uncontradicted and sufficient to establish a breach of the contract, the "judge did not have to accept it as true." *Northeastern Malden Barrel Co. Inc.* v. *Binder,* 341 Mass. 710, 712. Hence, we cannot say that, on the basis of the judge's findings, his ruling that the "evidence does not show by a fair preponderance that the provisions of the agreement have not been satisfied," was error.

With regard to the motion for leave to introduce "newly discovered further evidence," we reiterate that "the action of the judge upon a motion for a new trial on the ground of newly discovered evidence commonly rests upon the exercise of sound judicial discretion and that his decision ordinarily cannot be revised by this court." *Sharpe, petitioner,* 322 Mass. 441, 444, and cases therein cited.

However, if we are satisfied from our examination of the entire case that the decision, unless reversed, will result in manifest injustice, we will hold that there was error in the denial of the motion. We think this is such a case. *Sharpe, petitioner, supra,* 445. The decree is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*