*Western District*

No. 184017

## H. LAURENCE FOSTER CO., INC.

### v.

## VINCENT PETRANGELO d/b/a

Argued: Jan. 16, 1967    Decided: April 20, 1967

*Present:* Garvey, P.J., Levine and Allen, J.J.

Case tried to *Sloan, J.* in the District Court of Springfield  No. 184017

*Allen, J.* This is an action of contract in two counts in which the plaintiff seeks to recover for building materials furnished to defendant at his request. Count one is a common count and count two is on an account annexed. Defendant pleaded a general denial, payment, breach of contract and failure to perform in a workmanlike manner. The defendant further answered in recoupment alleging improper performance and failure to complete some steel work. The judge found for the plaintiff and assessed damages in the sum of $6,084.79.

The defendant claims to be aggrieved by the denial of requests for rulings of law and filed this claim of report. The gist of his requests which were denied raises the issue of whether the plaintiff has established a *prima facie* case.

The evidence set forth in the report is, as follows:

"1. The Plaintiff's engineer, treasurer and president testified that the plaintiff is in the business of supplying building materials to general contractors, including steel doors, etc. and at times furnishes labor and that the plaintiff had had dealings with the defendant, which included

sales of materials. Plaintiff introduced in evidence a ledger sheet and invoices to the defendant pertaining to sales of material to him. The sales were oral, the plaintiff's witness testified that after an order was taken — he personally prepared the invoices and mailed three copies to the customer. Plaintiff's witness testified that the defendant made payments to the plaintiff, the last of which was in March of 1965 in the amount of $500.00 and further testified that there was presently a balance outstanding in the amount of $6,084.79. On cross-examination, he testified he had no records pertaining to delivery dates or when the materials were supposed to have been delivered.''

The defendant offered no evidence. This court ordered that the report be amplified by making the ledger and invoices mentioned therein a part of the report. This was done.

The ledger invoices disclosed purchases by the defendant from the plaintiff from July 30, 1964, to April 30, 1965, and payments from September 3, 1964, to March 1, 1965. The last payment was in the amount of $500.00 leaving a balance due of $6,084.79 which is the amount testified due by the plaintiff's witness.

From payments credited after the goods had been billed the judge could have inferred sales and deliveries to the defendant. *Zoller* v. *Morse*, 130 Mass. 267, 268. *W. W. Britton Inc.*

v. *S. M. Hill Co.*, 327 Mass. 335, 338. *Scott* v. *Dedham Water Co.*, 224 Mass. 398, 400. Having accepted the goods with knowledge of the terms the buyer must be held to have accepted those terms. *Wessinger* v. *H. Werner Sons Co.*, 340 Mass. 102, 105. *Hobbs* v. *Massasoit Whip Co.*, 158 Mass. 195, 197.

The findings of the judge are conclusive if there was evidence to support them. *Scire* v. *Scire*, 348 Mass. 768. *Piekos* v. *Bachand*, 333 Mass. 211, 213. *Glasier* v. *Andrews*, 349 Mass. 417.

There was no error in the judge's denial of the defendant's requests for rulings of law and finding for the plaintiff.

**The report is to be dismissed.**

IRWIN I. WEITZ
  of Springfield for the Plaintiff
LOUIS KERLINSKY
  of Springfield for the Defendant