*Western District*
No. 165064
**EDWIN TRACY**
v.
**JAMES O'CONNOR, JR.**

Argued: March 22, 1967          Decided: May 2, 1967

*Present:* Garvey, P.J., Levine, and Allen, J.J.
Tried to: *Walsh, J.* in the District Court of Springfield    No. 165064

*Allen, J.* This is a motor vehicle property damage action. The court found for the plaintiff and assessed damage in the amount of $275.00. The defendant claims to be aggrieved by the denial of two of his requests for rulings of law.

The trial judge made the following findings of facts warranted by the reported evidence:

"On the day in question the plaintiff, while driving in a snow storm on the ramp leading to Interstate Route 91, struck a stopped motor vehicle. After this occurrence, being unable to move his vehicle, he went for a tow truck. In his absence, his motor vehicle was struck by a motor vehicle operated by the defendant.

I find the defendant was negligent and the plaintiff was not contributorily negligent.

I find that the damage inflicted by the defendant was confined to the rear portion of the plaintiff's vehicle. I also find that the fair market value of the plaintiff's vehicle just prior to this accident was $300.00 and the fair market value after this accident was $25.00."

There was no error in the denial of the defendant's request that the defendant was not negligent. The judge's findings are conclusive if there was evidence to support them. *Piekos* v. *Bachand*, 333 Mass. 211, 213. *Caton* v. *Winslow Bros. & Smith Co.*, 309 Mass. 150, 154. There was ample evidence to support this finding.

Neither was there error in the denial of the request that the plaintiff cannot recover because he failed to prove how much of his damage was caused by the defendant. The plaintiff, apparently without objection, testified that in his opinion his motor vehicle had a market value of $600.00 before the first accident and $400.00 after. That after the damage caused in the second accident by the negligence of the defendant its value was $25.00. This evidence although not accepted in full by the trial judge furnished an adequate basis for the assessing damages. As observed by Chief Justice Adlow

in *Davis* v. *Living Aluminum Corp.*, 17 LEGAL-
ITE 374 that with the endless stream of liti-
gation of this type that flows through the
courts, judges are not without the necessary
qualifications to determine fair and adequate
damages. See cases collected in *Arlington
Realty Corporation* v. *Bradley*, 18 LEGALITE
295.

**The report is to be dismissed.**

ZEO, SANTANIELLO and BASILE
of Springfield for the plaintiff

PHILLIP J. SHINE
of Springfield for the defendant