*Western District*

## G. G. GILL TRANSPORTATION, INC., AND GERARD G. GILL

### v.

## EASTERN FREIGHT WAYS, INC.

Argued: June 26, 1969.   Decided: June 30, 1969.

*Present:* Garvey, P.J., Sloan, Allen, JJ.

Tried to *Walsh, J.* in the District Court of Springfield No. 195028.

*Allen, J.* This is an action of contract in which the plaintiff seeks to recover for services rendered to the defendant. There was a finding for the plaintiff and the defendant alleging to be aggrieved by the judge's denial of two requests for rulings of law claimed a report.

*There was evidence tending to show that* agents for the defendant went to the plaintiff's place of business and asked it to continue work for the New York and Worcester Express Company which Company the defendant was taking over. An officer of the plaintiff told them it was owed Seventeen Thousand ($17,000.) Dollars by the New York and Worcester Express Com-

pany and that he would do no further work for it. The defendant's agent said "We'll take care of you." The plaintiff's terminal was used by defendant which had a rate agent employed by it on the premises. The defendant installed a telephone "hot line" in the plaintiff's terminal connecting the terminal of the defendant. It was used solely by the defendant. The plaintiff received a call on said "hot line" from the defendant's terminal in Albany, New York, requesting it to pick up tires purchased by the defendant and deliver them to its terminal in New Jersey. Shipments were billed on "pros" (bills of lading) which bore the name "Eastern Freight Way, Inc." (the defendant). Bills were submitted to the defendant on behalf of the plaintiff and payment being overdue, the plaintiff contacted the defendant at its terminal in New Jersey and was told there "was confusion at this time, but the bills would be paid."

At the close of the evidence the defendant presented two requests for rulings:

"1. When an authorized agent makes a contract in the name of a disclosed principal, the principal and not the agent is liable on the contract.

2. The evidence requires a finding for the defendant."

The judge disposed of the requests as follows: "Number one is denied because the facts cited in the request are not found.

I do not find that the defendant was the agent

of a disclosed principal. I further find that the defendant contracted with the plaintiffs in its own capacity as a trucking company.

Number 2 was also denied.''

■ The judge's findings of fact are conclusive if there is any credible evidence to support them. *Glazier* v. *Anders,* 349 Mass. 417. *Scire* v. *Scire,* 348 Mass. 768. *Piekos* v. *Bachand,* 333 Mass. 211. There was ample evidence here.

■ As both requests became immaterial on the facts found, it was not error to deny them. *Donohue* v. *Stephens,* 342 Mass. 89, 92 and 93. *M. DeMatteo Construction Co.* v. *Commonwealth,* 338 Mass. 568, 596. *Kerr* v. *Palmieri,* 325 Mass. 554. *Bresnick* v. *Heath,* 292 Mass. 293, 298.

■ The second request does not comply with Rule 27 of the Rules of the District Courts (1965) in that it does not specify the grounds upon which the request is based. *Irving* v. *Bonjorno,* 327 Mass. 516.

*The report is to be dismissed.*

JOHN J. O'CONNOR, JR. and
EDWARD N. MARASI
    Attorneys for the Plaintiff
MARTIN D. TURPIE
    Attorney for the Defendant.