*Northern District*

## No. 8355

## SEYMOUR J. KAHN
### v.
## RALPH E. HOUSE

Argued: Sept. 18, 1975. Decided: Aug. 16, 1976.

Case tried to *Williams, J.,* in the District Court of Lowell. Number: 463/1974.

Present: Gould, Presiding Justice; Flynn, Constantino, J.J.

**Gould, Presiding Justice.** This is an action founded in tort and contract wherein the plaintiff seeks to recover in two counts. One—seeking damage

for negligence on the defendant's part in laying a new cement driveway at the plaintiff's residence and, Two —for breach of contract on defendant's part in failing to lay said driveway in a good and workmanlike manner.

The court found for the defendant on Count One, the negligence count, on the pleaded defense of the Statute of Limitations and for the plaintiff on Count Two, awarding damages in the amount of $1,470.42 with interest originally awarded from June 16, 1969, but on a "corrected finding" the trial justice allowed interest from September 4, 1971.

The case comes before this Division on the denial by the trial justice of requests for rulings number two and number three filed by the defendant, which requests were described as follows:

"2. As a matter of law, plaintiff has failed to prove that defendant's performance was not workmanlike, and thus, cannot recover.

3. As a matter of law, plaintiff has failed to prove that he was damaged as a result of any action or inaction on defendant's part and thus cannot recover."

On each of these requests the disposition of the trial justice was, as follows:

"This request calls for a finding of fact. The court finds as a matter of fact on all of the credible evidence that the plaintiff has proved his contention as stated in his request. Request is therefor denied."

The defendant filed a Motion for a new trial and prior to any decision on the Motion the trial justice issued his corrected finding which changed only the date from which the interest was allowed.

The defendant claims to be aggrieved by the court's failure to rule in his favor on rulings numbers two (2)

and three (3) as provided in old Rule number twenty-seven (27) of the Rules of the District Courts, and the revised finding bearing interest from a date prior to the date of the writ.

Defendant's requests for rulings appear to be requests to the court to rule as a matter of law, on findings which are obviously evidential in nature, and while the court denied these requests, it did indicate as a factual finding that the defendant's performance was not workmanlike and further, that the plaintiff was damaged by action or inaction on the defendant's part.

Questions of fact are for the determination of the trial justice upon a consideration of all the evidence. His findings may be sustained, and his decision is not to be reversed unless as matter of law it cannot be supported upon any reasonable view of the evidence. *Casey v. Gallagher,* 326 Mass. 746, 748 (1950).

The justice's findings of fact are conclusive if there is any credible evidence to support them. *Glazier v. Andrews,* 349 Mass. 417 (1965). *Scire v. Scire,* 348 Mass. 768 (1964). *Piekos v. Bachand,* 333 Mass. 211 (1955).

The report contained ample evidence for the plaintiff, so both requests became immaterial on the facts found, and it was not error to deny them. *Kerr v. Palmieri,* 325 Mass. 559 (1950). *Bresnick v. Heath,* 292 Mass. 293 (1935).

Defendant has also raised a question on the propriety of the allowance of interest on an alleged unliquidated claim for damages.

The general rule at law is that interest is allowed upon the ground of contract either expressed or implied for its payment, or by way of damages where money is detained, or for breach in performance of a contract where some duty has been violated. *Goldman v. Worcester,* 236 Mass. 319 (1920). See however: *Davidson v. Robie,* 345 Mass. 333 (1963).

Where a claim was unliquidated and there was no certainty about the extent of the claim prior to the date of the writ, it is not appropriate to order interest from any earlier date. *Concannon v. Galanti,* 348 Mass. 71, 75 (1964).

Therefore the judgment of the trial court is modified in the following manner:

On County number two (2) the award of interest on the corrected finding from September 4, 1971 ordered stricken. With the exception of this modification:

No Prejudicial Error was made. **Report Dismissed.**