## ST. JEAN LIGHTING MAINTENANCE, INC.
### vs.
## Joseph R. GABRIELLE d/b/a J&J PACKAGE STORE

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**June 20, 1979**

Wendell L. Carduff for the plaintiff.
Samuel A. Marsella for the defendant.

Present: Mullaney, J., Larkin, J., McGuane, J.

MULLANEY, J. This is an action of contract in which the plaintiff seeks to

recover for electrical supplies and labor supplied to the defendant. The answer is a general denial, and further sets forth payment and that the action was not commenced within the time prescribed by law. The Court found for the plaintiff in the amount of $2,397.85.

At the trial there was evidence tending to show that the plaintiff agreed to supply certain electrical components and install said components for payment on a time spent basis. Plaintiff's witness testified that there was no agreement as to a specific contract price but, instead, plaintiff was to be paid based on the electrical items supplied and the time spent on a remodelling job being done on the premises of the defendant, which premises consisted of a liquor store. There was evidence introduced that the job was completed as requested with a few changes agreed upon to keep the cost down. Plaintiff's bookkeeper testified that the records kept of the time spent by the worker was accurate but did not check to see if the time charged was actually spent on the job by the workers making the charge entries. Plaintiff's foreman testified he visited the job site every day and the men were working. Plaintiff's witnesses further testified that the defendant paid for the labor performed at intervals which were billed by the plaintiff. Defendant then refused to pay the balance of the money allegedly owed. Defendant testified that prior to the work being performed by the plaintiff the defendant instructed the plaintiff that he would not pay more than seven or eight thousand dollars. Defendant indicated he first set a limit on seven thousand dollars but agreed to pay $8,100.00 after plaintiff continuously asked for the payment of that amount. Defendant further testified that plaintiff's workmen were performing unnecessary functions just to run up the time on the job. There was further evidence which indicated that the defendant had to expend further money for completion of the job of buttoning up the panel board and for repairs and new wiring when the wiring installed by the plaintiff burned out in 1977 due to improper wiring and use of inferior materials. Plaintiff testified he did not complete this work because he was discharged by the defend-

ant. Charges for materials supplied were taken from a book used in the trade. Plaintiff also testified he charged an hourly rate of $9.50 even though the rate had been increased to $12.50 during the job period. Throughout the trial there was no evidence introduced as to the reasonableness of the plaintiff's charges either for the material supplied or the labor performed.

At the close of the evidence the defendant made the following requests for rulings, which requests were denied.

"1. The plaintiff has not met the burden of proving the alleged contractual obligation since there is no evidence to establish that the parties agreed to all material terms.

2. The plaintiff has not proven that the contract on which it relies was performed by him.

3. The plaintiff cannot recover as a matter of law since the evidence establishes that the work was not skillfully and adequately performed by the plaintiff.

4. The evidence does not warrant a finding for plaintiff."

The court found the following facts:

"This is a complaint brought by an electrical contractor against a store owner for electrical supplies and labor furnished on a remodelling job. There was no specific contract price for the total job. Although there was some evidence pertaining to a ceiling price, there was none agreed upon. The parties agreed that the work would be done as a 'stock and time' job. That is how it was done and that is how it was billed. I do not find that the plaintiff is entitled to interest however."

By this appeal we are asked to rule whether the trial judge was correct in denying defendant's requests for rulings. The correctness of the denials would depend upon the facts found by him. Although his written findings are sparse, they are sufficient to support his finding for the plaintiff and an award of $2,397.85 in damages. The finding that "the parties agreed that the work would be done as a stock and time job. That is how it was done and that is how it was billed" covers the making of a contract,

the performance and the manner of charging for the work and materials. There was no finding that the work was not skillfully and adequately performed by the plaintiff.

The defendant's four requests were not for broad principles of contract law but were predicated upon findings of facts favorable to the defendant. The court's ruling on the four requests depended upon which facts the court found. Given the court's findings of fact, the rulings on defendant's four requests were correct. **Piekos v. Bachand,** 333 Mass. 211, 213 (1955); **Scire v. Scire,** 348 Mass. 768 (1964).

There is ample evidence in the report to show what the nature of the agreement was, what the performance was and that the basis of assessing damages was the charges for materials supplied taken from a book used in the trade. Plaintiff had testified he charged an hourly rate of $9.50 even though the going rate had been increased to $12.50 during the job period. The terms were not so vague that the plaintiff should be denied recovery. **Weiner v. Pictorial Paper Package Corp.,** 303 Mass. 123, 131 (1939).

There being no prejudicial error shown by the denial of the requested rulings, let an order enter dismissing the report.

<div align="right">

So ordered.
Paul Mullaney, J.
Larkin, J.
McGuane, J.