## RICO TILE COMPANY, INC.
### vs.
## LEO MARCONI DIST., INC.[1]

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

### January 11, 1980

Michael G. West for the plaintiff.
Richard M. Gaberman for the defendant.

Present: Cimini, Mullaney & Larkin, JJ.

CIMINI, J. This is an action in contract in which the plaintiff seeks to recover from the defendant the sum of $4,941.74 for tiles sold and delivered to said defendant.

The defendant, by way of answer, alleges that the tiles were delivered to stock a new distributorship, based upon the representations of the plaintiff's agents and employees that any unsold tile could be returned for full credit; that the account was in error; and that the plaintiff refused to accept the return of the tile that the defendant was unable to sell.

The trial court found for the plaintiff in the sum of $600.00 plus interest and costs.

The trial court made "findings of fact" as follows:

A Leo Marconi began a business for the distribution of tile to dealers in the winter of 1973-1974.

"In early 1974, Leo Marconi went as a representative of the defendant corporation to the State of New York where he met on several occasions with Tony Pollio who was a salesman of the Plaintiff corporation; with Cliff Weiss who was Vice-President and Sales Manager of the Plaintiff corporation; and with Erico Oliva who was President of the Plaintiff corporation. Each man represented orally to Mr. Marconi on at least one of the meetings that one of the terms of the agreement between the Plaintiff corporation as supplier of tile to the Defendant corporation was that tile that was unsold by the Defendant corporation could be returned to the Plaintiff corporation. Another term of the Agreement was that the selection of amount, and type of tile to be forwarded to the Defendant corporation was to be determined by the Plaintiff corporation and **was to be suitable for sale by the Defendant corporation.**

"Tile was in fact sent, and some was sold by the Defendant corporation. The Defendant corporation has paid an amount to the Plaintiff corporation which exceeds the total charges made by the Plaintiff corporation to the Defendant corporation for tile sent to the Defendant corporation and sold by it.

"In August of 1975 Leo Marconi as representative of the Defendant corporation sought to return unsold tile to the Plaintiff corporation by offering for return such amount of tile unsold by it

---

[1]Also known as Leo Marconi, Inc.

and retained by it which, if valued at the amount originally charged to the Defendant by the Plaintiff corporation, would equal the total charges then made by the Plaintiff corporation to the Defendant corporation for tile sent to the Defendant corporation by the Plaintiff corporation, which charges were then unpaid. The tile unsold was not then saleable. The offer of return of any goods was refused. There was a dispute at that time whether the total charges required to be offset by return of tile was $3,974.56, or $4,656.03.

"The present value of the tile retained by the Plaintiff (sic) is $600.00. Counsel for the Defendant corporation conceded at argument that Defendant owed this amount to the Defendant (sic) corporation" (emphasis added).

In addition, at the trial, there was evidence tending to show:

That from on or about February 2, 1974 until on or about June 25, 1975, the plaintiff sold and delivered tiles and tile display goods to the defendant. These goods were purchased by the defendant from the plaintiff for resale. Subsequent to the shipment of initial stock to the defendant, the defendant informed the plaintiff on several occasions that it was experiencing difficulty selling the tiles. The plaintiff encouraged the defendant to continue its attempts to sell the tiles. After the shipment of the initial stock of merchandise to the defendant, all subsequent orders of tile by the defendant were for only certain tiles for which the defendant had received specific orders from customers.

The evidence tended to show that in August, 1975 the plaintiff's business records showed a balance due it from the defendant of $4,656.03 for tiles and tile display goods that had been sold and delivered to the defendant from February 2, 1974 to June 25, 1975. Th evidence showed a dispute between the plaintiff and the defendant as to the amount outstanding at that time. The defendant's business records reflected the figures as $3,974.56.

The evidence showed that the goods the defendant held in August, 1975, and for which it claims it was entitled to credit, have never been returned by the defendant to the plaintiff. The evidence showed that the defendant requested the plaintiff to pick up the unsold goods. The plaintiff refused to do so, and the defendant continued to hold the goods. The plaintiff never gave the defendant a credit for these goods.

The evidence tended to show that Leopoldo ("Leo") Marconi was the defendant's President and the representative who transacted the defendant's business with the plaintiff. The evidence also showed that Marconi began a new business selling tile in the winter of 1973-1974. This business is the defendant corporation. Although Marconi had no prior experience selling tiles, he had spent many years as a contractor in the business of installing tile of the type in issue.

The plaintiff duly filed requests for rulings of law, and, claiming to be aggrieved by the trial court's denial of its rulings numbered 2, 4, 6, 12, 16, 17, 18, 19 and 22, hereby reports the same to us for our determination.

It is not necessary for us to review said requests for rulings of law individually, since they were all denied for being inconsistent with, or inapplicable to, the trial court's findings of fact.

We have determined that said requests were properly denied in that there was ample evidence to substantiate the trial court's findings of fact.

Questions of fact are for the determination of the trial justice upon a consideration of all the evidence. His findings may be sustained, and his decision is not to be reversed, unless as a matter of law it cannot be supported upon any reasonable view of the evidence. Casey v. Gallagher, 326 Mass. 746, 748 (1951).

In other words, the justice's findings of fact are conclusive if there is any credible evidence to support them. Glazier v. Andrews, 349 Mass. 417 (1965); Scire v. Scire, 348 Mass. 768 (1964); Piekos v. Bachand, 333 Mass. 211 (1955).

If a report contains ample evidence to substantiate the findings of the trial court, as in this case, the requests become immaterial on the facts found, and it is not error to deny them. Kerr v. Palmieri, 325 Mass. 554 (1950); Bresnick v. Heath,

292 Mass. 293 (1935).

No prejudicial error being found, the report is dismissed.