Jodrey, J.
The petitioner filed a claim for compensation as a dependent of a victim of a violent crime under G.L. 258A.
At the trial, there was evidence tending to show:
The petitioner was the mother of the deceased victim who was found murdered at Franklin Field in Boston on September 18, 1981.
The victim, a 21 year old female, was from July 1981, to the time of her death a full time student, was not gainfully employed, and was not contributing to the support of the petitioner.
The victim resided with the petitioner, who was receiving social security disability benefits amounting to $402.90 per month and federally subsidized housing where she paid rent of $69.00 per month which rent included heat, lights, electricity, etc. The victim ate all her meals at home. About $100.00 a week was spent on groceries.
Before giving up work to go to school, the victim had been employed receiving wages ranging from $135.00 to $190.00 per week, and during that period had given between $20.00 and sometimes up to $50.00 per week to the petitioner. The petitioner testified that she paid for medical and dental bills from the money her daughter gave her and that she was partially dependent on the daughter for support.
The victim, during the years in which she was gainfully employed, filed Federal Income Tax returns and did not list the petitioner as a dependent on any of those tax returns.
The issue presented at the hearing was whether or not the petitioner was wholly or partially dependent for support upon the victim at the time of the victim’s death. V
The trial judge specifically found that the petitioner was not wholly or partially dependent on the victim for support, and ruled that the petitioner was not entitled to compensation under G.L.c. 258A.
The petitioner claims to be aggrieved by the denial of her request for a ruling that: “Upon all the evidence there should be a finding for the plaintiff for the maximum amount”.
The finding by the judge that petitioner was not wholly or partially dependent on the victim for support is a finding of fact. This Division can review only questions of law and not findings of fact. Perry v. Hanover, 314 Mass. 167 (1943); Connecticut Investment Casting Corporation v. Made-Rite Tool Company, Inc., 1980 *105 Mass. App. Dec. 67.
Questions of fact are for the determination of the trial justice upon a consideration of all the evidence. His findings will be sustained, and his decision is not to be reversed, unless as a matter of law it cannot be supported upon any reasonable view of evidence. Casey v. Gallagher, 326 Mass. 746, 748 (1951).
In other words, the justice’s findings of fact are conclusive if there is any credible evidence to support them. Glazier v. Andrews, 349 Mass. 417 (1965); Scire v. Scire, 348 Mass. 768 (1964); Piekos v. Bachand, 333 Mass. 211 (1955). Rico Tile Company, Inc. v. Leo Marconi Distributors, Inc., 1980 Mass. App. Dec. 20.
From the evidence contained in the report, the judge was warranted in finding that the alleged dependency did not exist.
Petitioner also appeals from the denial by the judge, after hearing, of her motion for a new trial. In support of such motion, petitioner alleged that the finding of the court was “against the weight of the evidence.’‘ The denial of this motion was within the judge’s discretion. Herrick v. Waitt, 224 Mass., 415 (1916). Pelland v. Lincoln Rides, Inc., 340 Mass. 787 (1960).
In absence of a showing that the denial of a motion for a new trial will result in manifest injustice, the decision of the trial judge will not be disturbed. Glazier v. Andrews. Supra. No such showing appears.
There is no error. The action of the trial judge is affirmed and the report is hereby dismissed.
Report dismissed.