McGuane, J.
This is a civil action in contract in which the plaintiff seeks to recover $4,000.00 from the defendant. The answer denies any monies owed or any contract. After trial, the Court found for plaintiff in the sum of $4,000.00. The trial justice reported that there was evidence tending to show:
1. The defendant owned a store and business known as “Michael’s *2 Market”, in Holyoke, Massachusetts.
2. On March 12,1985 the defendant sold the store and business to the plaintiff for $4,000.00.
3. The sale of the business included:
a. Contents of the market.
b. Goodwill.
c. Equipment (including heater and walk-in cooler).
d. The right to rent a four room apartment for $250.00 per month (including heat).
4. The defendant represented to the plaintiff that he had title to the equipment sold to the plaintiff.
5. The defendant did not own the real estate upon which the store was operated.
6. The heater and walk-in cooler were attached to the real estate as fixtures.
7. The four room apartment was uninhabitable.
8. The rent of $250.00 per month did not include and was subject to various escalations over the next two or three years.
9. The defendant, before accepting the plaintiffs tender of $4,000.00 misrepresented:
a. That he had title to the heater and walk-in cooler.
b. The habitability of the apartment.
c. The terms and conditions of rent.
10. The plaintiff offered to sell the store and business back to the defendant for $4,000.00
11. The defendant accepted the plaintiffs offer.
12. The defendant promised to pay the plaintiff $4,000.00 for the store and business.
13. The plaintiff gave the keys to the store to the defendant.
14. The defendant locked the door to the store and put up a sign which read: “Closed for few days — until further notice”.
15. The defendant acted as if he owned the store.
16. The plaintiff believed the defendant owned the store.
17. The defendant did not pay the plaintiff the $4,000.00 as promised.
At the close of evidence and before arguments the defendant made the following requests for rulings:
1. Plaintiff is not entitled to a finding - Denied.
2. Defendant is entitled to a finding - Denied.
3. Plaintiff did not seek nor plead /or any relief from the contract described in paragraph three of her complaint — Denied.
4. Plaintiffs complaint only seeks relief for the contract alleged in paragraphs four and five — Denied.
5. The circumstances involving the contract in complaint, paragraph three, do not bear on.the existence of any contract alleged in paragraphs four and five — Denied.
The Court did not make any findings of fact or special findings of fact.
The defendant, claiming to be aggrieved by the denials of his requests, has reported this matter to the Appellate Division.
The trial justice in this matter found for the plaintiff on her claim and awarded judgment in the amount of $4,000.00.
There was no prejudicial error and the report is therefore to be dismissed.
The trial justice made a finding for the plaintiff based on all the evidence and rational inferences to be drawn therefrom.
*3 A party is not entitled to factual findings as a matter of right in a District Court proceeding Dist./Mun. Cts. R. Civ. P., Rule 52; Ashapa v. Reed, 280 Mass. 514 (1932), unless such findings are legally required. Kaufman v. National Casualty Co., 342 Mass. 412 (1961).
The trial justice recited in his report some of the evidence presented at trial. Based on this evidence, his finding for the plaintiff is plainly justified.
Findings of fact based on oral evidence are generally not reviewable. McDonald v. Adamian, 294 Mass. 187 (1936).
A trial judge, as finder of fact, is free to disbelieve oral testimony even if it is uncontradicted. Glazier v. Andrews, 349 Mass. 417 (1965).
In summary, requests 1 and 2 based on all the evidence were rendered immaterial in view of the Court’s finding for plaintiff.
Request Nos. 3,4,5 were requests for findings of fact. For all these reasons, the defendant’s report is dismissed.