Linhoff, J.
These proceedings concern a plaintiff who seeks to recover monetary damages for making renovations and repairs to the defendant’s building, claiming that same were made pursuant to an agreement that a five year lease of the premises would be tendered and executed by the plaintiff.
In response thereto, the defendant denies the claimed lease agreement; and further alleges that the plaintiff breached a rental agreement.
The report[2] discloses that evidence was produced at the trial revealing that there were negotiations by and between the parties whereby the plaintiff rented premises of the defendant and the plaintiff commencedoccupancy of said premises March 15,1985; that renovations and repairs were made thereto with the plaintiff contending that he relied on an alleged promise by the defendant to tender and execute a five year lease of said premises, said renovations and repairs having been completed on or about May 1,1985; that the plaintiff paid the defendant rent each month of $550.00 to November 1, 1985; and, in November, 1985, the plaintiff sent a 93A letter of demand to the defendant for a five year lease, or in the alternative, for $10,000.00 for materials and labor. Other evidence present indicated that the plaintiff intended to move from the defendant’s premises in that month. There was further evidence that the instant action was instituted on January 13, 1986 *34 and the defendant on December 13,1985 had sent the plaintiff a notice to quit for non-payment of rent with the ensuing summary process complaint having been filed against the plaintiff on January 24,1986.
Additionally, on February 25,1986, the plaintiff was offered a five year lease which was refused by him on March 3,1986. Also, a judgment was entered in said summary process proceedings and the plaintiff was evicted on May 1, 1986. Said judgment, after demand by the defendant, has not been paid by the plaintiff.
The Trial Court found for the defendant.
As a result of said finding for the defendant, the plaintiff caused this matter to be reported to this Appellate Division, setting forth that he was aggrieved by (1) the allowance of defendant’s request No. 3 that the evidence warranted a finding that the defendant did not break his contract with the plaintiff; (2), the allowance of defendant’s request No. 4 that the evidence warrants a finding that the plaintiff breached the contract by not paying the monthly rent and utilities; (3), the allowance of defendant’s request No. 5 that the plaintiff was not damaged by the defendant’s failure to execute a written five year lease; (4), the allowance of defendant’s request No. 6 that the evidence warrants a finding that the plaintiffs failure to pay rent was a direct and proximate cause of any damage he sustained; (5), the allowance of defendant’s request No. 11 that the defendant was not unjustly enriched by an action on behalf of the plaintiff; (6), the denial of plaintiffs request No. 7 that the plaintiff presented sufficient testimony to prove by a fair preponderance of the evidence the fan-value of labor he performed and materials he supplied which (he claims) unjustly enriched the defendant; (7), the allowance of plaintiffs request No. 9 (but the Trial Court not so finding) that the defendant is subject to 93A damages where it was an unfair or deceptive act to refuse to execute a promised five year lease when the plaintiff took possession and performed certain renovations pursuant to said promise and the defendant raised the rent on plaintiff; and, (8), the Trial Court’s erroneous findings of fact which erroneously and prejudicially limited plaintiffs proof.
The Trial Court did find facts as are set forth in the aforestated grievances numbered 1, 2, 3,4, 5, and 7. In consequence thereof, the Trial Court correctly dealt therewith as said facts found resulted from a reasonable view of the evidence with rational inferences susceptible therefrom. Hence, such facts stand supported and undisturbed, not being plainly wrong. Scire v. Scire, 348 Mass. 768 (1964); Piekos v. Bachand, 333 Mass. 211, 213 (1955). Of more and greater significance in our disposition of said grievances numbered 1,2,3,4,5, and 7, that incorporates the Trial Court’s allowance of the requests mentioned therein, is the fact that the allowance of said requests is apparently considered by the plaintiff to be inconsistent with the evidence. When such inconsistency is claimed, this Division is not the proper tribunal to consider same unless and until the appropriate remedial procedure is pursued in the Trial Court for correction in that forum. The vehicle to be employed is a motion to correct such claimed inconsistency or for anew trial.[3] Cook v. Kozlowski, 351 Mass. 697 (1967); Viera v. Balsamo, 328 Mass. 37, 39 (1951). The plaintiffs failure to proceed as above indicated; and, upon denial of his motion, to report the matter for review to the Appellate Division, now precludes a challenge in these proceedings.
*35 We now consider hereinbefore mentioned grievance No. 6 which states that the plaintiff presented sufficient testimony to prove by a fair preponderance of the evidence the fair value of labor he performed and materials he supplied.
The following applicable and pertinent language appears in Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250 (1940):-
The weight or preponderance of evidence is its power to convince a tribunal which has the determination of the fact, of the actual truth of the proposition to be proved. After the evidence is weighed, that proposition is proved by a preponderance of the evidence if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may still linger there.
What weight is accorded to produced evidence is for the fact finder. In this instant, it is the Trial Court’s province to give whatever weight it reasonably believes proffered testimony deserves. Further, it is the domain of the Trial Court to determine whether a party litigant has failed or succeeded in establishing its position by a preponderance of evidence considered creditable. The ultimate finding shows, with clarity, that the Trial Court properly performed its fact finding function. Therefore its treatment of plaintiffs request No. 7, contained in grievance No. 6 that was denied by the Trial Court, was correct.
Lastly, we focus our attention on grievance No. 8 where it is claimed that erroneous findings of fact on the part of the Trial Court erroneously and prejudicially limited the plaintiffs proof. Proof is established by evidence and the Report here considered contains no reported evidentiary rulings. Hence, we have an alleged grievance and do not have anything before this Court to consider. In addition to the foregoing, there has been no compliance with Dis./Mun. Cts. R. of Civ. P., Rule 64 (a) wherein we find the following verbiage:-
When an objection is made to a ruling on the admission or exclusion of evidence, a request for a report shall be made at the time of the ruling and shall be reduced to writing and filed with the clerk within 5 days after the hearing of all evidence.
Having failed to comply with said Rule 64(a), this grievance or objection is forfeited. Gidwani v. Wasserman, 373 Mass. 162, 167 (1977).
Having completely reviewed the entire Report, including the reported evidence, facts found, grievances set forth and the contents thereof plus the Trial Court’s rulings and ultimate finding for the defendant, no error is present.
Therefore, the Report be and is hereby dismissed.

 The evidence appearing in the Report is supplemented by evidence mentioned in theTrial Court’s findings of fact in order to present a more complete evidentiary picture. Olofson v. Kilgallon, 362 Mass. 803, 804-805 (1973).

 It is noted in reviewing the docket entries that a Motion for a New Trial was filed by the Plaintiff, heard and denied. However, same was not reported to this body. It is not before this Appellate Division. Hence, it can be accorded no consideration.