Brennan, J.
The plaintiff, Berkshire Roofing, Insulation and Supply Co., Inc. (hereinafter referred to as Berkshire Roofing) sued the defendant, Elizabeth Bernstein (hereinafter referred to as Bernstein) on theories of breach of contract and quantum meruitforworkperformed on the defendant’s premises on or aboutjuly 11,1989. The defendant denied that there had been any agreement between the parties and filed a counterclaim in which the defendant charged that the plaintiff performed unauthorized work on the defendant’s premises which had resulted in damage to defendant’s premises. Defendant further alleged that the plaintiff had engaged in unfair and deceptive acts and practices in violation of G.Lc. 93A
Judge Apkin heard the matter on July 11,1989 and a judgment was entered on October 3,1989. On Count I of plaintiffs complaint, the court found in favor of the defendant and dismissed the action. On Count II of plaintiffs complaint, the court found in favor of the plaintiff and awarded damages in the amount of $500.00 plus interest and costs.
On Count I of the defendant’s counterclaim, the court found for counterclaim plaintiff Bernstein and awarded damages in the amount of $775.00. On Count II of defendant’s counterclaim, the court found for counterclaim plaintiff Bernstein against counterclaim defendant Berkshire Roofing in the amount of $1,550.00 plus legal fees in the amount of $500.00. The plaintiff in the counterclaim was limited to one recovery.
Defendant Bernstein filed a Motion to Amend Findings and Judgment pursuant to *155 Rules 59E and 52 of the District Court Rules of Civil Procedure on October 11,1989. After hearing Judge Apkin denied the motions.
As one basis for defendant’s appeal on Count II, defendant Bernstein stated that the trial judge’s findings were inconsistent with his rulings of law.
The underlying case presents on action of contract in which the plaintiff Berkshire Roofing alleged that the defendant Bernstein breached their agreement to pay for labor and materials used to renovate defendant Bernstein’s property located in Pittsfield, Massachusetts.
The defendant Bernstein maintained that there was never a contract between the parties and further alleged that the plaintiff performed unauthorized work on the defendant’s premises and that this work resulted in damage to the defendant’s premises. The defendant further alleged that the plaintiff had engaged in unfair and deceptive acts and practices in violation of G.Lc. 93A.
The first issue presented is whether the trial judge erred in awarding damages to plaintiff Berkshire Roofing after allowing defendant’s requests for rulings of law and whether these rulings were inconsistent with a finding for thé plaintiff
The trial judge awarded $500.00 damages to the plaintiff for work done by the plaintiff in removing trees, shrubs and limbs from the defendant’s property.
At the close of the trial and before the final arguments, the defendant submitted requests for rulings, which follow, in pertinent part.
4. That upon all the evidence presented in connection with plaintiffs complaint a finding for the defendant is warranted.
Allowed as to the request for ruling of law.
8. The testimony of Mr. Vincent on behalf of the plaintiff that he never delivered to the defendant a signed copy of the written agreement for the installation of vinyl siding and tree removal services costing in excess of twenty-five dollars and that the preparation and signing of the written agreement therefore was discussed with the defendant when he last met with her at the premises on the afternoon of July 17, 1985 warrants a finding, as a matter of law, pursuant to subsection B of Section 48 of M.G.L chapter 93 that the defendant had the right to cancel any such agreement until three days after the copy of the agreement was delivered to her; and that the the defendant is entitled to the rights and remedies provided by said section 48 by reason of the plaintiffs failure to wait until three days after his delivery of such signed written agreement to conmence the work.
Allowed.
Massachusetts General Laws c. 93, §48, provides, in part
An agreement providing for the sale or lease of goods, or the rendering of services, or both, primarily for personal, family or household purposes in excess of $25.00 in value and which is consummated by a party hereto at a place other than the address of the seller or lessor, which may be his main office or branch thereof, may be cancelled by the buyer for other than the seller’s or lessor’s breach, whether or not such agreement contains a provision for periodic payments or an extension of credit, provided the buyer not later than midnight of the third business day following execution of the agreement, notifies the seller or lessor that he is cancelling, and such cancellation shall be effective thereupon.
The defendant asserts that the trial judge could not award the plaintiff any recovery for the tree work where he found a violation of section 48 as evidenced by his ruling *156 on request #8.
In his findings of fact the trial judge found, in part, as follows:
4. The plaintiff, at the request of Moran, submitted written estimates for the application of siding.
5.0nJulyl8,1985,thedefendantdiscussedwiththeplaintiffsemployee the various types of renovations and siding work that she required.
6. Based upon the discussions with the defendant at the plaintiffs place of business, plaintiff drafted two contracts, one for siding and the other for repairs to a bay window and porch roof, (emphasis added)
7. Although the defendant informed the plaintiff that she would sign the contract either in the afternoon of the 18th or the following morning, she did not authorize the plaintiff to commence the siding work.
9. Both parties intended that the contracts drawn by the plaintiff were to become effective and binding upon the signing of same by the defendant indicating her acceptance of them.
10. The defendant authorized the plaintiff to perform the work of removing the brush, tree limbs and other out croppings appurtenant to the building.
Based on his findings, it appears clear that the trial judge found that the agreement was consummated, if at all, at the seller’s place of business and that, therefore, G.Lc. 93, §48 is inapplicable, at least insofar as the tree removal work was concerned.
The trial judge further found that
12. The removal of the decorative cornice supports and the installation of the insulation backerboards on the buildingpriorto the finalization and acceptance of the siding contract by the defendant constituted on unfair and deceptive practice in violation of c. 93A, §2 of Massachusetts General Laws.
14. The commencement of the applying of the siding which had not been authorized by the defendant constituted on unfair and deceptive act or practice.
It appears that the trial judge found that the tree removal work was authorized by the defendant but that the siding work was not The findings of fact of the trial judge will not be disturbed by the Appellate Division when said findings are supported by evidence, even though the evidence may have been contradicted. Kahn v. House, 59 Mass. App. Dec. 73 (1976); Richmond Realty Trust v. Linehan Inc., 59 Mass. App. Dec. 157 (1977).
Further, the Appellate Division will not disturb a general finding of a trial judge when the finding is founded on sufficient evidence to support the subsidiary facts essential for the general finding. Berman v. Tyburski Electric Co. Inc., 57 Mass. App. Dec. 189 (1976).
The second issue presented is whether the trial judge abused his discretion in awarding $500.00 in attorney’s fees to the defendant and in denying defendant’s Motion to Amend Findings and Judgment
In a case where it has been determined that there has been a violation of G. Le. 93A the plaintiff is entitled to attorney’s fees and costs but that the judge has discretion as to the amount to be awarded. Linthicum v. Archambault, 379 Mass. 381 (1979).
In determining the amount of an attorney fee, the trial judge should consider:
*157 ... the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and credibility of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.
Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979).
In light of the factors laid out in Linthicum it appears that the trial judge’s award of $500.00for counselfees was reasonable and was,therefore,within his discretion. The case did not present complex issues and basically presented issues of fact findings. The trial judge did not abuse his discretion in malting this award.
Thus the report is dismissed.